# SCHLESINGER *v.* KANSAS CITY AND SOUTHERN RAILWAY COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 243.   Argued and submitted February 1, 1894. — Decided March 5, 1894.

A condition in a grant of land to a railway company that the company shall construct a certain length of road within a given time, and on its failure to do so, that the granted estate shall revert to the grantor, is a condition subsequent, for breach of which the grantor may enter upon the land and repossess himself of it; and, in case of his doing so, the land is not subject to attachment thereafter for debts of the company, contracted while the land was in its possession.

THIS was an appeal from a decree dismissing, for want of equity, a bill brought by the appellants to subject, in satisfaction of their demand against the Kansas City and Southern Construction Company, certain railroad property in the possession of and claimed by the Kansas City and Southern Railway Company.

The facts, so far as it is necessary to state them, were as follows: On the 11th day of January, 1877, the roadbed, masonry, rights of way, and appurtenances of the Kansas City, Memphis and Mobile Railroad Company, a Missouri corporation, were sold at public auction under the order of the District Court of the United States for the Western District of Missouri, sitting in bankruptcy — John D. Bancroft, of Kansas City, becoming the purchaser at the price of $15,025 in cash paid.   And a deed was made to the purchaser on the 25th day of April, 1877.

Bancroft, by deed of April 27, 1877, conveyed to Thomas K. Hanna, Benjamin McLean, and himself, as trustees for sundry residents of Kansas City who had contributed the purchase money, and in whose behalf the property was purchased.

By deed executed January 13, 1880, Hanna, McLean, and Bancroft, trustees, in consideration of $19,156.87, cash in hand

paid, conveyed to James I. Brooks all the property and rights so purchased, upon the following terms and conditions:

"Said party of the second part is to build said railroad from Kansas City to Harrisonville or Belton, as said second party may elect, on or before January 1, 1881, so as to be ready for use as a railroad, and also to build said railroad to the coal fields of Bates County to a point south of Butler, on or before July 1, 1881, so as to be ready for like use as aforesaid; and if said second party shall fail to build said railroad to said coal fields as aforesaid, then the property hereby sold as aforesaid shall revert to said first party and reinvest in them the same as they now hold the same: *Provided, however,* That as soon as said second party shall expend the sum of fifty thousand dollars in the construction of a roadbed for said railroad, commencing at Kansas City and running southwardly, then the said provision shall become null and void and of no effect whatever, and upon said expenditure being made in the building of said railroad as aforesaid, by said second party, of said sum of fifty thousand dollars, then said trustees are to execute to said second party or his assigns an instrument in writing acknowledging the waiver and extinguishment of said forfeiture. In the event of a disagreement between the said trustees and said second party as to the expenditure in fact by said second party of said fifty thousand dollars, as aforesaid, as said second party. may hereafter claim, said trustees and said second party shall each select an arbitrator, and they, in case of disagreement between them, shall select a third arbitrator, and in case either party refuses to select an arbitrator, then the arbitrator chosen by the other party shall select two additional arbitrators, and the arbitrators selected in any of the above-mentioned modes shall determine whether such expenditure has been made by said second party, and such determination of said arbitrators shall be binding on both parties and may be enforced by judgment as provided by the laws of this State. Said first party covenants and warrants to and with said second party that they, the said trustees, have not in anywise encumbered the said property, and that the same is free from all encumbrances done or suffered by them."

By a declaration in writing, executed February 27, 1880, Brooks acknowledged that the property conveyed to him was held in trust for the benefit of the Kansas City and Southern Construction Company, and covenanted that he would, by a sufficient quit-claim deed, transfer it to that company or their assigns, as they might direct and require. And by deed of April 1, 1880, he conveyed the property by quit-claim deed to the Construction Company.

On the 2d day of March, 1880, the Construction Company made a written contract with the appellants, under the name of Naylor & Co., for the furnishing of steel rails to be used in completing the railroad. But, on the 18th of May, 1880, Naylor & Co. were notified by the Construction Company that it was unable to carry out its contract with them, and they were authorized to sell the rails for account of that company, but without prejudice to any rights or claims of Naylor & Co. for damages.

The Construction Company, by deed of May 24, 1880, conveyed the property to the Kansas City and Southern Railroad Company, the consideration recited being $300,000 of the capital stock of the railroad company, for which certificates were to be issued, and $300,000 of its first mortgage bonds to be secured by mortgage upon the property. But, in fact, there was at that time no such corporation. Brooks, the president of the Construction Company, contemplated the organization of a railroad company to be named the Kansas City and Southern Railroad Company, but he failed to effect such an organization.

By deed of September 18, 1880, the Construction Company conveyed to the Kansas City and Southern Railway Company, a corporation of Missouri, the Kansas City, Memphis and Mobile Railroad, running from Kansas City in the direction of Memphis and Mobile, together with all its rights of way, roadbed, masonry, property, rights of property, and appurtenances, etc. This deed was executed in the name of the grantor company by Henry Ashley, agent, and is attested by its corporate seal, which, the acknowledgment of Ashley states, was affixed thereto by order of the board of directors. The consideration recited was $250,000 cash in hand paid.

Hanna, McLean, and Bancroft as trustees, made, December 15, 1880, a written contract with the Kansas City and Southern Railway Company, as follows: "Whereas the Kansas City, Memphis and Mobile Railroad Company, with all its roadbed, rights of way, and appurtenances and property and rights of property whatsoever connected with the said railroad, with all the franchises of the Kansas City, Memphis and Mobile Railroad Company, were, by deed dated January 13, A.D. 1880, sold and conveyed by the undersigned trustees to one James I. Brooks on certain conditions contained and specified in said deed, and whereas the title to said property subject to the conditions has by sundry mesne conveyances passed to and vested in and is now owned and held by the Kansas City and Southern Railway Company; and whereas said last-named company has not been able to comply with and perform said conditions within the time specified in said first-named deed for their performance, but is now willing to deposit and has deposited with the said trustees the sum of $25,000 as a guaranty by said last-named company of the good faith of its purpose to build a railroad southeasterly from Kansas City, Missouri, through the coal fields of Henry County, Missouri, and the iron fields of St. Clair County, Missouri, the receipt of which sum of twenty-five thousand dollars by said trustees is hereby acknowledged; and whereas, since the making of said deed to said James I. Brooks, various sums of money have been expended for rights of way, for engineering, and other necessary expenses connected with the enterprise of building said railroad, in addition to the purchase price paid to said trustees on the execution of the said first-named deed by them; and whereas the owners of more than two-thirds of the money and shares furnished by the persons and firms in the deed of said property to said trustees, dated April 27, 1877, have directed the undersigned trustees to execute and deliver this instrument to said Kansas City and Southern Railway Company: Now, therefore, in consideration of the premises and the sum of one dollar in hand paid, the receipt of which is hereby acknowledged, it is agreed, stipulated, and covenanted by and between said trustees, for themselves

and their said beneficiaries and said Kansas City and Southern Railway Company, as follows: 1st. The conditions provided and expressed in said deed of said trustees to said James I. Brooks are hereby annulled, extinguished, and the said Kansas City and Southern Railway Company are hereby forever released and discharged from the performance of the same or any part thereof, and in lieu the following conditions are hereby provided, that is to say, said trustees or a majority of them shall, as said railroad from Kansas City, Missouri, southeasterly through the coal fields of Henry County, Missouri, and the coal fields of St. Clair County, Missouri, shall be constructed, pay out said $25,000 on the estimates and orders made and given in the building of said road by the chief engineer of said K. C. and S. R. W. Co., and as soon as said $25,000 is so paid out and the additional sum of fifteen thousand dollars is expended by said last-named company in the building of said road, the last-named company shall hold said property so conveyed free from any and all claims of whatsoever kind on the part of said trustees or their beneficiaries, or any of them. 2d. It is further provided and covenanted that if said last-named company shall not expend the full sum of $25,000 in the building of said railroad before July 1, 1881, then so much of said $25,000 so deposited as shall on the last day aforesaid be unexpended shall be forfeited to and become the money and property of said trustees for the benefit of their beneficiaries. 3d. It is further provided and covenanted that as soon as said $25,000 so deposited shall be paid out, and as soon as the chief engineer of said last-named company shall make the certificate of expenditure by said last-named company of said $15,000 shall be expended before October 1, 1881, then said trustees shall deliver to said last-named company an instrument in writing, duly executed and acknowledged, evincing the full compliance with and performance of all the conditions herein contained by said last-named company, and if the sum of forty thousand (40 M) dollars shall not as above provided be expended by said company before October 1, 1881, then said property shall revert to said trustees as by said deed to said Brooks is provided."

This agreement was executed by the trustees Hanna, McLean, and Bancroft, with the consent in writing of the requisite number of those whom they represented.

On the 11th day of May, 1881, the Construction Company, by James I. Brooks, its president, in consideration of one dollar and other good and valuable considerations, and "by virtue of a vote of the directors of said corporation," conveyed this property to said Brooks, in trust to secure "the payment to him of all indebtedness of whatsoever nature, whether in cash or stock or bonds due said Brooks under the vote whereby the property herein conveyed was deeded by said Brooks to the Kansas City and Southern Construction Company to the date of this conveyance," and after the execution of these trusts to hold the same for the benefit of whom it might concern.

On the 7th day of October, 1881, the present appellants — claiming that the Construction Company was largely indebted to them on the contract of March 2, 1880, for steel rails — instituted an action at law in the Circuit Court of Jackson County, Missouri, against that company, on said alleged liability. Upon affidavit and bond for attachments, writs of attachment and summons issued to the counties of Jackson, Cass, Henry, and St. Clair, Missouri, and were levied by the sheriffs of those counties, respectively, on the 7th, 11th, and 12th days of October, 1881, upon all the right, title, interest, and property of the Construction Company, in the Kansas City, Memphis and Mobile Railroad, in such counties, with its right of way, roadbed, masonry, property, rights of property, and appurtenances — the same property described in the deeds of May 24, 1880, and September 18, 1880 — to the Kansas City and Southern Railway Company. The Construction Company answered, and denied all the material allegations of the petition. In that action, which was removed into the Circuit Court of the United States for the Western District of Missouri in April, 1882, the Kansas City and Southern Railway Company, after such removal, filed their interplea asserting their ownership, prior and subsequent to the attachment suit, of all the property attempted to be levied on as the property of the

Construction Company. In that action, a verdict was returned against the Construction Company for $49,448.11, for which a judgment was rendered October 20, 1885, on which execution was allowed "to be levied on the property and effects attached, and other property of the defendant." Subsequently (a motion for a new trial having been made) the plaintiffs remitted $13,546.72 of the verdict. Thereupon the former judgment was set aside, and it was adjudged, February 1, 1886, that the plaintiffs recover of the Construction Company $35,901.39 and their costs, "and that they have thereof execution, and that the judgment and execution thereon hold not only the property attached heretofore in this case, but the other property of the defendant; but execution shall not issue, without special leave of court, until after final decree in chancery in case No. 401, in the case of *Barthold Schlesinger et al.* v. *The Kansas City and Southern Railway Company et al.*"

The equity case thus referred to was the present suit which was brought, November 10, 1881, by Barthold Schlesinger and Sebastian B. Schlesinger, doing business as Naylor & Co., against the Kansas City and Southern Railway Company, the Kansas City and Southern Construction Company, the Farmers' Loan and Trust Company, and James I. Brooks. The Farmers' Loan and Trust Company was made a defendant because it was the trustee in a mortgage, given by the railway company, January 1, 1883, to secure $6,500,000 of its first mortgage bonds, which mortgage covered all of the property and income of the mortgagor, and warranted the title to the property. The relief sought was a decree adjudging the deeds of May 24, 1880, and September 18, 1880, to the Kansas City and Southern Railway Company, and the deed to the Farmers' Loan and Trust Company, to be voluntary, fraudulent, and void as against the demands of the plaintiffs, and that the property and rights of the Construction Company, attempted to be conveyed by said deeds, and levied upon and attached as aforesaid, be subjected, charged, and sold for those demands and the costs of the attachment proceedings; and that, in the meantime, a receiver be appointed to take charge of the prop-

erty, receiving the profits thereof, and paying all taxes and assessments against it.

Some time after the institution of this suit, and before it was determined in the court below, the appellants sold their claim to one Sargent of Boston for $4000.

*Mr. Frank Hagerman,* (with whom were *Mr. Jefferson Brumback* and *Mr. Wallace Pratt* on the brief,) for appellants.

*Mr. Charles O. Tichenor,* for appellee, submitted on his brief.

Mr. Justice Harlan, after stating the case, delivered the opinion of the court.

No question is made as to the validity of Bancroft's purchase of the property in dispute at the sale made under the order of the Circuit Court of the United States for the Western District of Missouri, sitting in bankruptcy. Indeed, all parties to the present controversy claim title under him.

We have seen that the title passed from him to Hanna, McLean, and himself, as trustees for those furnishing the money used in the purchase at the bankruptcy sale, and that those trustees conveyed to Brooks, January 13, 1880, upon certain express conditions. One of those conditions was that Brooks should build the railroad from Kansas City to Harrisonville or Bolton, on or before January 1, 1881, and also to the coal fields of Bates County, to a point south of Butler, on or before July 1, 1881. Another condition was that, if Brooks failed to build the railroad to the coal fields mentioned, as stipulated in the deed to him, then the property should revert to the trustees, and reinvest in them, " the same as they now hold the same." This condition of forfeiture was, by the terms of the conveyance to Brooks, to become void and extinguished only in the event Brooks expended $50,000 in the construction of a roadbed for said railroad, commencing at Kansas City and running southwardly.

The Kansas City and Southern Construction Company took the property under the two deeds to it from Brooks, dated, respectively, February 27, 1880, and April 1, 1880. But, of

course, it took subject to the conditions upon which he received the property from the trustees. Neither of those conditions was performed. The road was not built from Kansas City to Harrisonville by the 1st day of January, nor to the coal fields of Bates County by July 1, 1881. Nor was $50,000 or any sum expended by Brooks or by his grantee in the construction of a roadbed for the railroad. Indeed, as early as the 18th of May, 1880, the Construction Company gave formal notice to Naylor & Co. that they were unable to comply with their contract relating to steel rails; and, consequently, the enterprise was abandoned by it.

It results that when the 1st of July, 1881, came, the property had reverted to the trustees under their agreement with Brooks, subject to which agreement the Construction Company took the title. But, on that day, the Kansas City and Southern Railway Company were in possession under the agreement between it and the trustees of December 15, 1880, to say nothing of the deed of the Construction Company to the railway company of September 18, 1880. If it be said that the trustees had no right, under their agreement with Brooks, to treat the property as having reverted to them until after the expiration of the time limited for the building of the railroad to the coal fields, namely, until after July 1, 1881, the answer is: 1, that the Construction Company had by its formal notice to Naylor & Co. of May 18, 1880, indicated that it had no purpose, as the grantee of Brooks, to meet the conditions upon which he was to hold the property; 2, if the provision in the agreement of December 15, 1880, between the trustees and the railway company, annulling and rescinding the conditions imposed by the deed to Brooks, and prescribing other conditions as between the trustees and the railway company, was, at that time, of no effect, in law, as against Brooks or the Construction Company, it became valid and binding after July 1, 1881, when, beyond all question, the trustees were entitled to treat the property as having reverted to them, to do with it as to them seemed best. So that if we disregard altogether the deed of May 24, 1880, from the Construction Company to the Kansas City and Southern Railroad Com-

pany as a nullity, no such corporation or company being in existence, and if we disregard, also, the deed of September 15, 1881, to the railway company, because it was not executed by any officer of the Construction Company, the fact appears that on and after July 1, 1881, the railway company were in actual possession of the property, under their contract with the trustees Hanna, McLean, and Bancroft, who had elected, as they had the clear right to do, to treat it as having reverted to them. This was before Naylor & Co. had instituted their action at law and sued out their attachments against the Construction Company. When that attachment issued the Construction Company had no interest whatever in the property attached. The interest it originally had was acquired subject to certain conditions, upon the non-performance of which the property, at the election of Hanna, McLean, and Bancroft, trustees, reinvested in them.

It was not necessary to the reacquisition of title by the trustees that they should invoke the aid of the courts. In the case of a public grant, the right of the government to repossess itself of the estate granted may be asserted through judicial proceedings, or by some legislative act showing an assertion of ownership on account of the breach of the condition upon which the original grant was made. But judicial proceedings to that end are not absolutely necessary, unless they are prescribed by the grant itself; for where land and franchises are held upon conditions to be subsequently performed, "any public assertion by legislative act of the ownership of the estate after default of the grantee — such as an act resuming control of them and appropriating them to particular uses or granting them to others to carry out the original object — will be equally effectual and operative." *Farnsworth* v. *Minnesota & Pacific Railroad*, 92 U. S. 49, 66, 67; *Pacific Railroad* v. *United States*, 124 U. S. 124, 130. In the case of a private grant, an entry by the grantor, or any act equivalent thereto, showing a purpose to take advantage of the breach of condition subsequent, and to reclaim the estate forfeited by such breach, is all that is required. What was done by the trustees Hanna, McLean, and Bancroft evinced, in the clearest possible manner, their

purpose to reclaim the property and rights granted to Brooks, because of the failure to perform the condition upon which he, or any one claiming under him, was entitled to hold the property.

Under the view we have expressed, it becomes unnecessary to consider other questions discussed by counsel; and it results, and we so adjudge, that the plaintiffs are not entitled to have the property in question or any part thereof sold in satisfaction of their judgment for $35,901.30 against the Kansas City and Southern Construction Company.

*The decree below is affirmed.*