CITY OF LINCOLN v. LINCOLN ST. RY. CO. et al.

(Circuit Court, D. Nebraska. December 14, 1896.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—PLEADINGS.
   To give the right of removal from a state to a federal court on the ground that the cause of action arises under the laws of the United States, that fact must appear on the face of the plaintiff's bill. It is not sufficient that the issues raised by the pleadings of the defendant may present a federal question.

2. SAME—SUIT FOR PAVING TAX—POSSESSION OF PROPERTY BY FEDERAL COURT.
   A suit against a street-railway company to collect a paving tax assessed against it under its contract with the city cannot be removed into a federal court merely because the property of the company is in possession of that court in another suit for the foreclosure of a mortgage thereon.

This was a bill by the city of Lincoln against the Lincoln Street-Railway Company and others. The cause was removed into this court from the district court of Lancaster county, Neb., and is now heard on motion to remand.

N. C. Abbott and G. M. Lambertson, for complainant.
W. G. Clark, for defendant B. D. Slaughter, receiver.

SHIRAS, District Judge. The bill in this case was filed in the district court of Lancaster county, Neb., it being charged therein that the Lincoln Street-Railway Company was largely indebted to the complainant for paving done on the streets of the city of Lincoln over which the lines of the street railway extended, it being averred that the street-railway company, by contract with the city, was bound to pave, or to pay the cost of paving, so much of the streets as are between the rails of the street-railway track; that the amounts due for such paving had been duly assessed as a tax against

the street-railway company by the mayor and city council of the city of Lincoln, and were a lien on the property of the railway company. It is also averred that there are due taxes levied by the city on the property of the railway company, and the prayer of the bill is that an accounting should be had of the amounts due the city for special assessments and for the general taxes; that the railway company be decreed to pay the amount found due, and, in default thereof, the property and franchise of the railway company be sold, and that the lien for taxes due the city be declared to be the first and paramount lien on the property and its proceeds.

When this bill was filed, the property of the railway company was under the control of this court, and was in possession of and was being managed by Brad D. Slaughter as receiver, he having been originally so appointed in the case of Joseph Sampson against the Lincoln Street-Railway Company, and reappointed under the bill filed in this court by the New York Security & Trust Company, seeking a foreclosure of a mortgage executed by the street-railway company to secure bonds issued by the company. To the present bill the defendants are the street-railway company, Joseph Sampson, the New York Security & Trust Company, the Guaranty Trust Company, and Brad D. Slaughter, the receiver of this court, leave having been granted by this court to make the receiver a party defendant to the suit in the state court. Upon entering his appearance in the state court, the receiver filed a petition asking for the removal of the case into this court on the ground that the suit was one arising under the constitution and laws of the United States, and that this court has the exclusive right to determine the order, priority, and validity of the several liens asserted against the property now in possession of this court. The removal was not ordered by the state court, and thereupon the defendant Slaughter procured a transcript of the record, and filed the same in this court; and the complainant, appearing for that purpose, moves the court for an order remanding the case on the ground that this court has not jurisdiction.

The complainant, the city of Lincoln, and the defendant the street-railway company are both corporations created under the laws of the state of Nebraska, and the receiver is a citizen of the named state, so the right of removal cannot be claimed upon the ground of diversity of citizenship. To create the right of removal on the ground that the cause of action arises under the laws of the United States, it must appear on the face of complainant's bill that the relief sought is based upon or springs from such laws; and it is not sufficient for it to be claimed that teh issues, as the same may be presented by the pleading of the defendant, may present a federal question. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Railroad Co. v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869. The bill in this case is not based upon any alleged wrongful acts of commission or omission on part of the receiver, and therefore the case does not come within the doctrine recognized in Bock v. Perkins,

139 U. S. 628, 11 Sup. Ct. 677, wherein it was held that "a case, therefore, depending upon the inquiry whether a marshal or his deputy has rightfully executed a lawful precept directed to the former from a court of the United States is one arising under the laws of the United States." If the bill in this case charged that the receiver appointed by this court had in some manner failed to properly perform his duty as receiver, and had thereby caused wrong or injury to complainant, it might be that it should then be held that the cause of action was one arising under the laws of the United States, within the meaning of the acts of congress of 1887–88. The relief prayed in the bill is not in any manner based upon the action or nonaction of the receiver. The grounds of relief relied on are that under the contract entered into between the city of Lincoln and the street-railway company, the latter became bound to pay the cost of paving so much of the streets, wherein its lines of railway are located, as lie between the rails of the track, and that upon the failure to make such payment the city had the right, under its charter, to assess the cost thereof against the company. The right to make and enforce these special assessments and to collect the general taxes assessed against the company, if it exists, is not derived from or claimed under any provision of the federal constitution or laws, but arises wholly under the laws of the state of Nebraska, the charter of the city, and the contract between the city and the street-railway company; and therefore it cannot be said that the complainant's case is one based upon or arising under the laws or constitution of the United States.

It is further urged in support of the right of removal that, as this court is in possession of the railway property in a proceeding brought to foreclose the mortgage upon the company's property, and had such possession before the present bill was filed by the city of Lincoln, it is for this court to adjudicate the question of the priority of the liens thereon, and to direct and control the sale of the mortgaged property. This fact may limit the extent to which the state court may properly go in dealing with the questions presented by complainant's bill, but it does not defeat the jurisdiction of that court over the case presented by the bill. The state court has jurisdiction to hear and determine the question whether the street-railway company is indebted to the city of Lincoln upon the special assessments for paving, and also whether it is indebted for taxes generally, and to adjudicate the amount thereof. If that court should seek to progress further, and should attempt to enforce the collection of the amounts adjudged to be due by ordering a sale of the property, or any portion thereof, it would then be met with the fact that the property is in the possession and under the control of this court, and is thus, so long as the possession of this court continues, out of the plane of state jurisdiction. Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; Gates v. Bucki, 4 C. C. A. 116, 53 Fed. 961. The fact, however, that the property of the railway company is in possession of this court under the bills filed by Joseph Sampson and the New York Security & Trust Company, and

that thereby this court has the jurisdiction to order a sale of the property, to marshal the proceeds, and to settle the priority of liens on the property, does not defeat the lawful jurisdiction of the state court to hear and determine the question whether the street-railway company is indebted to the complainant city for taxes, special or general, and to decree the amount thereof, because this may be done without interfering with the possession of the property in this court, and without producing a conflict between the process of the courts. The situation in this case is fairly illustrated by the facts in the case of Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, in which it was held that an administrator appointed by a state court is an officer of the court, and his possession of the property belonging to the defendant's estate brings it into the possession of the court, and such possession cannot be disturbed by a proceeding brought in, or process issued from, a federal court; but that a creditor, if he be a citizen of a state other than that of the citizenship of the administrator, and the amount exceeds $2,000, exclusive of costs and interest, may proceed against the administrator in a federal court for the purpose of establishing his claim against the estate, but when he seeks payment of the claim thus established he must apply to the court of administration. In the course of the opinion in that case Mr. Justice Brewer, speaking for the court, uses the following language:

"While the validity of the claim against the receiver may be established in the state court, the administration of the property in the hands of the receiver remains with the federal court, whose officer he is, and the amount the claimant will receive from the proceeds of the property in the hands of the receiver is not settled by the state court, which only determines the validity and extent of the demand, but rests upon the result of the administration, as ordered by the federal court."

Applying these principles to the case now under consideration, it must be held that the district court of Lancaster county has full jurisdiction to adjudicate the question whether the street-railway company is indebted to the complainant upon any of the matters alleged in the bill, and to decree the amount of such indebtedness, if any exists; and that, as this question is not dependent upon any provision of the constitution or laws of the United States, the case is not one removable into this court under the provisions of the acts of congress of 1887-88.

Motion to remand sustained.