## DETERMINATION AS TO WHETHER A CONDITION OF USE WAS A CONDITION PRECEDENT OR SUBSEQUENT.

Common Pleas Court of Stark County.

GEORGE C. REITER, SR., v. THE PENNSYLVANIA COMPANY ET AL.

Decided, April Term, 1917.

*Conveyance of Land for Railway Purposes Only—Otherwise to Revert to the Grantor, His Heirs and Assigns—Action in Ejectment, After Intermediate Conveyances, by Holder of a Quit-Claim Deed from the Original Grantor.*

1. Where the shorter side of a circular strip of land 25 feet wide is defined by a radius of 400 feet, the other side is found by extending the radius 25 feet.

2. Where A conveys land to B for the use of C for certain purposes, and B afterwards reconveys the same to A "subject to the qualifications and conditions set forth" in the deed from A to B, the legal title passes but the trust continues.
3. A provision in the deed that "said premises to be used for railroad purposes only; should they cease to be so used they shall revert to the grantor, his heirs and assigns," is a condition subsequent and the title vests upon delivery of the deed. A breach of the conditions does not *ipso facto* produce a reverter of the title and the right of forfeiture is not alienable.

*J. W. Craine,* for plaintiff.
*McCarty & Armstrong,* contra.

DUNCAN, J. (of Hancock county, sitting by designation of the Chief Justice).

This case is in ejectment. It was tried to the court without the intervention of a jury. The controversy is this:

On and prior to August 3, 1894, one W. H. Clark had the legal title and was in possession of lots No. 4835, 4836 and 4837 in the city of Canton, and on that day executed a deed of conveyance of parts of said lots to the Wrought Iron Bridge Co., a manufacturing institution located a short distance west. Said lots are about 150 feet long, east and west, and 47 feet wide, north and south, and front at right angles on the west side of Henry avenue, a north and south street. The parts of said lots conveyed consist of a circular strip of land twenty-five feet wide beginning for description forty feet north of a point on the east line of said lot No. 4836, where the northerly line of the right of way of the W. & L. E. Railroad intersects the west line of said avenue for its northeasterly corner, thence in a southwesterly direction across said lots in order on a curve of 400-foot radius to a point six feet north of the southwest corner of said lot No. 4837, as the northwesterly boundary thereof. The southwesterly boundary is found by extending the radius of the curve 25 feet and not by measuring along the west line of Henry avenue.

On February 26, 1895, said the Wrought Iron Bridge Co. reconveyed this strip to said W. H. Clark.

The Clark deed of August 3, 1894, contained this provision: "Said premises to be used for railroad purposes only; should they cease to be so used they shall revert to the grantor, his heirs and assigns." Also: "All said premises * * * shall be for the use of the Pittsb., Ft. W. & C. Railway Co., its successors and assigns." This company owns the road and the Pennsylvania Company operates it.

The bridge company deed of February 26, 1895, contained this provision: "Subject to the qualifications and conditions set forth in the deed of W. H. Clark to the Wrought Iron Bridge Co. bearing date August 3, 1894, recorded in Deed Records of Stark County, Vol. 315, pp. 517-519, to which reference is hereby had for a fuller description."

On March 1, 1895, said the Wrought Iron Bridge Co. executed a deed to the Pittsb., Ft. W. & C. Railway Co. for parts of said lots, but it only covers such part of the property here in dispute as lies on the southerly side of the northwesterly line thereof, one foot wide at Henry avenue, and running thence southwesterly up to a width of about fifteen feet where the northwesterly line of the strip intersects the north line of lot No. 4837. The balance of the description is so indefinite that it can not be lined off on the map.

On July 12, 1916, said W. H. Clark executed a quit-claim deed to the plaintiff Reiter for the strip first described, and the latter claims right of possession thereof for non-user under the conditions of the Clark deed of August 3, 1894.

The evidence shows that the defendants have maintained a track along the southerly side of this strip for fifteen years and more, and operated cars over the same in the management of their railroad, also, that during said period a track for about two-thirds of the way from west to east along the northerly side thereof, and when this action was begun, were so using the whole northerly side, though but for a short time.

What are the rights of the parties?

First. It is clear to me that the defendant, the P. Ft. W. & C. Railway Co. became the *cestui que trust* in the Clark deed of August 3, 1894, and that the reconveyance by the bridge com-

pany to Clark, February 26, 1895, subject to the "qualifications and conditions," did not have the effect to terminate the trust. The trust in favor of the railroad company was thus saved in the deed and the conveyance could only affect the legal title. The deed of the bridge company to the railroad company of March 1, 1895, does not affect this controversy. While it covers a part of the strip in question, the bridge company had already conveyed the title to Clark by its deed of February 26, 1895.

Second. The title of the railroad Company is measured by the provisions of the Clark deed of August 3, 1894, and to determine its character it may be well to know whether the condition of the use is condition precedent or at condition subsequent, and it makes some difference in view of the right of the plaintiff to take advantage of the condition. 2d Elliott on Railroads, Section 940, lays down the distinction as follows:

"Where an act is required to be done before the title vests, it is a condition precedent, and the company can assert no rights under the deed without showing the performance of the condition. But, 'if the act or condition required do not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate; or, if from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantee perform, the act after taking possession, then the condition is subsequent.' "

The same rule is laid down in *Rannels* v. *Rowe,* 145 Fed., 296, U. S. District Court of Appeals.

The condition is not the building of a road or the performance of any act within a certain time, but "said premises *to be* used for railroad purposes." And the provision that "they shall *revert* to the grantor," "should they cease to be so used," presumes a vesting of the estate, else it could not revert. There can be no reversion where the title has not passed and there can be no cessation of something that has never occurred. Both these provisions are inconsistent with the claim that this provision is

a condition precedent. I think the intention is manifestly apparent that the parties intended a condition subsequent.

The following are held as exhibting instances of conditions subsequent:

A conveyance for the purpose of a site for a county school house and for no other purpose; and if not so used, the title to revert to the grantors. *Wagoner* v. *Wallowa Co.,* 1916 F., 303; 148 Pac., 1140.

A conveyance to a railway company upon condition that it should construct a certain length of road within a given time and upon default that the granted estate should revert. *Schlesinger* v. *Railway,* 152 U. S., 444; 38 L. Ed., 507.

A conveyance upon condition that a county should build a jail upon the property within two years and so occupy it forever. *Skipwith* v. *Martin,* 50 Ark., 141, 150; 6 S. W., 514.

A grant to a railway company of a right-of-way upon the express condition that it should construct its road within a time limited: *Nicoll* v. *Railroad,* 12 N. Y., 121.

A conveyance upon the express understanding and condition that an institution be permanently located on the land within a year and in case of failure the title should revert to the grantors upon repayment of the purchase money. *Mead* v. *Ballard,* 7 Wall., 290; 19 L. Ed., 190.

The right of re-entry for condition broken is not a reversion; nor is it any estate in the land. It is a mere right or chose in action, and if enforcible, it is because of the breach or failure of condition. But the power to forfeit for a breach of the condition is not alienable and is gone if the grantor attempts to convey. The only case in Ohio on the subject is *Branch* v. *Wesleyan Cemetery Directors,* reported by Judge Bates in a well considered opinion, in 29 Bull., 398. The same case is reported by the circuit court, 11 C. C., 185, where the rule is laid down in the third paragraph of the syllabus as follows:

"If the condition subsequent were broken, that did not *ipso facto* produce a reverter of the title. The estate continued in full force until the proper steps were taken to constitute the forfeiture. This could be done only by the grantor during his

lifetime, and after his death by those in privity of blood with him. In the meantime only a right of action subsisted, and that could not be conveyed so ·as to invest the right to sue in a stranger.''

But the rule seems to be quite uniform from the earliest times to the present day, as will be seen by the following cases:

*Rice* v. *Boston & Worcester Rd. Co.*, 94 Mass., 141. Judge Bigelow lays down the rule and the reason for it as follows:

''It is one of the established rules of the common law that the right or possibility of reverter which belongs to a grantor of an estate on condition subsequent can not be legally conveyed by deed to a third person before entry for a breach. This rule is stated in Co. Litt., 214*a*, in these words: 'Nothing in action, entry or re-entry can be granted over;' and the reason given is 'for avoiding of maintenance, suppressing of rights and stirring up of suits,' which would happen if men were permitted 'to grant before they be in possession.' ''

In *Schulenberg* v. *Harriman*, 21 Wall., 63 (22 L. Ed., 551), Justice Field said:

''It is settled law that no one can take advantage of the non-performance of a condition subsequent annexed to an estate in fee but the grantor or his heirs, or the successors of the grantor if the grant proceed from an artificial person; and if they do not see fit to assert their right to enforce a forfeiture on that ground, the title remains unimpaired in the grantee. The authorities on this point, with hardly an exception, are all one way from the Year Books down.''

In *Ruch* v. *Rock Island*, 97 U. S., 692 (24 L. Ed., 1101), lands had been dedicated for schools and churches and the dedication was to become void if they should be used for other purposes. The grantor died and his heirs made conveyance of same to the plaintiff. Justice Swayne disposes of the proposition as follows:

''It was not denied by the plaintiff that the title had passed. and that the estate had vested by the dedication. If the conditions subsequent were broken, that did not *ipso faco* produce a reverter of the title. The estate continued in full force until

the proper step was taken to consummate the forfeiture. This could be done only by the grantor during his lifetime, and after his death by those in privity of blood with him. In the meantime, only a right of action subsisted, and that could not be conveyed so as to vest the right to sue in a stranger. Conceding the facts to have been as claimed by the plaintiff in error, this was fatal to his right to recover, and the jury should have been so instructed.''

And there are other cases to the same effect, notably: *Sexton v. Chicago Storage Co.*, 16 Am. St. Rep., 274; *Nicall v. the N. Y. & Erie*, 12 N. Y., 121; *Paul v. Connersville & N. J. Rd. Co.*, 51 Ind., 527; *McMahon v. Williams*, 79 Ala., 288; *Dawson v. Western Md. Rd. Co.* (Md.), 14 L.R.A. (N.S.), 809.

Third. I also hold that the user as found in the last paragraph of the statement is a substantial compliance with the condition and that no right of forfeiture would exist in any event.

Holding these views, there will be a finding in favor of the defendants. Motion for new trial overruled, when filed. Exceptions. Judgment on the finding. Exceptions.