13274

KEENAN *ET AL.* v. BROAD RIVER POWER CO.

(161 S. E., 330.)

*Messrs. Elliott, McLain, Wardlaw & Elliott* and *Haynsworth & Haynsworth,* for appellant,

*Mr. G. Duncan Bellinger,* for respondent,

November 12, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

· The plaintiffs brought this action to recover of defendants damages for trespass upon real estate. The complaint, after alleging the title of plaintiffs to the land, and the corporate capacity of the defendants, recites chain of events by which defendants acquired an easement over this land as right-of-way for their street railway. It then recites that in 1927 defendants abandoned the right-of-way and stopped the operation of its roads whereupon the property reverted to plaintiff as the successors in title to R. C. Keenan, now deceased, from whom the defendants acquired the easement. Plaintiffs took possession and made extensive and expensive improvements.

When defendant's answer came in, plaintiffs made a motion before Hon. W. H. Townsend ,Judge of the Fifth Circuit, to strike out certain facts of the answer. After argument and consideration, Judge Townsend rendered the following order, from which this appeal comes to this Court:

"Order striking out portions of answer as irrelevant.

"This is a motion by plaintiffs in an action against defendants to recover compensation and damages for a re-

entry by defendants on a strip of land belonging to and in possession of plaintiffs, formerly used by defendants as a right-of-way for a street railway, under an easement granted to defendants and their predecessors in title by the ancestor and predecessor in title of plaintiffs by deed, but voluntarily abandoned by defendants on March, 1927, when they discontinued the operation of its railway over said strip, and removed its rails therefrom, to strike out portions of answer alleging as a defense their public obligation to restore the railway line and continue its operation and the franchise granted them by the State. The defendants contend that because of such public obligations the attempt of defendants to discontinue the use of said right-of-way was futile as an abandonment, and that they had a right to re-enter upon the right-of-way without payment of compensation to plaintiffs.

"An easement once abandoned cannot be revived by re-entry without a new contract or compliance with the constitutional provisions for payment of compensation to landowner. (Const. Art. 1, § 17) *Taylor v. Hampton,* 4 McCord, 96, 17 Am. Dec., 710.

"As said in the *Hammond case,* 15 S. C., 35 : 'We do not think that considerations of public policy (see *State ex rel. Daniel, Atty. Gen'l v. Broad River Power Co. et al.,* 157 S. C., 1, 153 S. E., 537) can enter into this case. The Port Royal Company had the right, under the Act of the General Assembly, to condemn this strip of land, and take possession by virtue of the mode therein prescribed. If it saw proper to resort to a private agreement and purchase, we do not see that they can interpose the public interests as a shield against their positive and distinct contracts.'

"The abandonment of the right-of-way destroyed the railway's rights as against the grantors of the easement without affecting the right of the state to compel the restoration and operation of the railway by defendants as a condition for the restoration of their franchise privileges. *New York, N. H. & H. Ry. Co. v. Cella,* 86 Conn., 275, 277, 85 A., 521.

" 'The abandonment of this right-of-way by that company was caused solely by its own acts and intention. * * * By such abandonment the easement reverted to plaintiffs. * * * The right-of-way was thereby forfeited and revested in plaintiffs by their re-entry, or attempt to re-enter, with a declaration of forfeiture.' *Gurdon & Ft. Smith R. R. Co. v. Vaught*, 97 Ark., 234, 240, 133 S. W., 1019, 1022, citing *Schlesinger v. Kansas City, etc., Ry. Co.*, 152 U. S., 453, 14 S. Ct., 647, 38 L. Ed., 507; See also *Hammond v. R. R. Co.*, 15 S. C., 10; *Taylor v. Hampton*, 4 McCord, 96, 17 Am. Dec., 710.

"Plaintiff's action is to recover compensation and damages for re-entry by defendants as indicated in *Tompkins v. R. R. Co.*, 37 S. C., 382, 16 S. E., 149.

"It is ordered: That all of the allegations of the third paragraph of the answer after the semicolon on the fourth line; and the fourth and fifth and the sixth paragraphs of the answer be, and are hereby stricken out as irrelevant, and constituting no defense to the cause of action sued on."

We are satisfied with Judge Townsend's conclusions. Defendants practically admit that they had abandoned the right-of-way. True, they designate their action thereabout by the use of the euphemistic term "discontinued," instead of abandoned. Webster's New International Dictionary defines "discontinue" thus; "To put an end to; to cause to cease; to cease using ; to give up; to leave off."

Defendants saw plaintiffs take possession of the abandoned right-of-way; they say so in their answer.

They say they are entitled to resume the use of the right-of-way because the Supreme Court of the United States has ordered them to resume the operation of the road. The Court is not responsible for their having "discontinued" its operation. They are themselves responsible for the predicament in which they find themselves.

The order appealed from is affirmd.

Mr. Chief Justice Blease and Messrs. Justices Cothran, Stabler and Carter concur.