EDMUND RICE *vs.* BOSTON & WORCESTER RAILROAD CORPORATION.

The right or possibility of reverter which belongs to a grantor of land on condition subse-quent is extinguished by a conveyance thereof by deed to a third person before entry for breach of condition; even though such conveyance be to a son of the grantor, who upon the grantor's death becomes his heir.

WRIT OF ENTRY to recover a parcel of land in Brighton.

At the trial in the superior court, before *Vose*, J., it appeared that on the 12th day of May 1834 the demandant's father con-veyed the demanded premises to the tenants by a deed of warranty, which stated that the conveyance was made upon the express condition that the corporation should forever maintain and keep in good repair a pass-way over the same, and also certain fences; the premises being land over which the railroad

of the tenants passes. The demandant's father then, in June 1842, conveyed to the demandant a large tract of land, the description of which included the demanded premises, by a deed of warranty; and died intestate, before any breach of condition. The demandant offered evidence of a breach of condition after his father's death. No entry for breach of condition was made before bringing this action. The judge excluded the offered evidence, and instructed the jury that the demandant was not entitled to recover; and a verdict was accordingly returned for the tenants. The demandant alleged exceptions.

*F. A. Brooks*, for the demandant.

*G. S. Hale*, for the tenants.

BIGELOW, C. J.[*]　It is one of the established rules of the common law that the right or possibility of reverter which belongs to a grantor of an estate on condition subsequent cannot be legally conveyed by deed to a third person before entry for a breach. This rule is stated in Co. Litt. 214 *a*, in these words: "Nothing in action, entry or reëntry can be granted over;" and the reason given is "for avoiding of maintenance, suppressing of rights and stirring up of suits," which would happen if men were permitted "to grant before they be in possession." This ancient doctrine had its origin in the early statutes against maintenance and champerty in England, the last of which, 32 Henry VIII. *c.* 9, expressly prohibited the granting or taking any such right or interest under penalty, both on the grantor and the buyer or taker, of forfeiting the whole value of the land or interest granted, or, as Coke expresses it, " the grantor and grantee (albeit the grant be merely void) are within the danger of the statute." Co. Litt. 369 *a*. The principle that a mere right of entry into land is not the subject of a valid grant has been fully recognized and adopted in this country as a settled rule of the law of real property, both by text writers and courts of justice. 2 Cruise Dig. (Greenl. ed.) tit. xiii. *c.* 1 § 15. 1 Washburn on Real Prop. 453; 2 Ib. 599. 1 Smith's

[*] COLT, J. did not sit in this case.

Lead. Cas. (5th ed.) 113.    *Nicoll* v. *New York & Erie Railroad*, 2 Kernan, 133.    *Williams* v. *Jackson*, 5 Johns. 498.    *Hooper* v. *Cummings*, 45 Maine 359.    *Guild* v. *Richards*, 16 Gray.

The effect of a grant of a right or possibility of reverter of an estate on condition is thus stated in 1 Shep. Touchstone, 157, 158: A condition " may be discharged by matter *ex post facto*; as in the examples following.  If one make a feoffment in fee of land upon condition, and after, and before the condition broken, he doth make an absolute feoffment, or levy a fine of all or part of the land, to the feoffee, or any other; by this the condition is gone and discharged forever."    So in 5 Vin. Ab. Condition, (I. d 11.) the rule is said to be, " when condition is once annexed to a particular estate, and after by other deed the reversion is granted by the maker of the condition, now the condition is gone."    See also 1 Washburn on Real Prop. 453.    *Hooper* v. *Cummings*, 45 Maine, 359.    The original maker of the condition cannot enforce it after he has parted with his right of reverter, nor can his alienee take advantage of a breach, because the right was not assignable.    In the light of these principles and authorities, it would seem to be very clear that the original grantor of the demanded premises destroyed or discharged the condition annexed to his grant to the defendants by aliening the estate in his lifetime and before any breach of the condition had taken place.

The only doubt which has existed in our minds on this point arises from the fact that the son and heir of the original grantor of the premises is the demandant in this action.  But on consideration we are satisfied, not only that the son took nothing by the deed, but also that the possibility of reverter was extinguished so that the original grantor had no right of entry for breach after his deed to his son, and the latter can make no valid claim to the demanded premises either as grantee or as heir for a breach of the condition attached to the original grant.    A condition in a grant of land can be reserved only to the grantor and his heirs.  But the latter can take only by virtue of the privity which exists between ancestor and heir.    This privity is essential to the right of the heir to enter.    But if the original grantor alienes

:he right or possibility in his lifetime before breach, the privity between him and his heirs as to the possibility of reverter is broken. No one can claim as heir until the decease of the grantor, because *nemo est hæres viventis;* and upon his death his heir has no right of entry, because he cannot inherit that which his ancestor had aliened in his lifetime. The right of entry is gone forever. Perkins, §§ 830–833. Litt. § 347.

It may be suggested, however, that if the deed is void and conveys no title to the grantee, the right of entry still remains in the grantor and is transmissible to his heir. This argument is inconsistent with the authorities already cited, which sanction the doctrine that alienation by a grantor of an estate on condition before breach extinguishes the condition; it also loses sight of the principle on which the doctrine rests. The policy of the law is to discourage maintenance and champerty. Neither party to a conveyance which violates the rule of law can allege his own unlawful act for the purpose of securing an advantage to himself. The grantor of a right of entry cannot be heard to say that his deed was void, and that the right of entry still remains in him, because this would be to allow him to set up his own turpitude in engaging in a champertous transaction as the foundation of his claim. His deed is therefore effectual to estop him from setting up its invalidity as the ground of claiming a right of entry which he had unlawfully conveyed. Nor can the grantee avail himself of the grant of the right of entry for a like reason. He cannot be permitted to set up a title which rests upon a conveyance which he has taken in contravention of the rules of law. Both parties are therefore cut off from claiming any benefit of the condition. The grantor cannot aver the invalidity of his own deed, nor can the grantee rely on its validity. Both being participators in an unlawful transaction, neither can avail himself of it to establish a title in a court of law. It is always competent for a party in a writ of entry to allege that a deed, under which an adverse title is claimed, although duly executed, passed no title to the grantee either because the grantor was disseised at the time of its execution, or because the deed for some other reason did not take effect. Stearns on Real Actions, 226.

We know of no statute which has changed the rules of the common law in this commonwealth in relation to the alienation of a right of entry for breach of a condition in a deed. By these rules, without considering the other grounds of defence insisted upon at the trial, it is apparent that the demandant cannot recover the demanded premises; not as heir, because he did not inherit that which his father had conveyed in his lifetime; nor as purchaser, because his deed was void.

*Exceptions overruled.*

# CRIMINAL CASES.