BENJAMIN F. CARPENTER, RICHARD BRIGGS, JOHN F. MABEE AND WILLIAM FRENCH v. LYDIA ANN SMITH.

*Trespass for removal of building.*

An owner of land cannot bring trespass against persons who have been in actual, entire and undisturbed possession, for removing a building from it.

Error to Kent. Submitted April 11. Decided April 24.

TRESPASS. Defendant brings error.

*Taggart & Wolcott* for plaintiffs in error. Trespass cannot be maintained against the agents of a school district for acts done on land of which they have had actual

peaceable possession for a school house for five years before suit. 1 Green's New Prac., 394; *Vance v. Beatty,* 4 Rich., 104; 1 Hilliard on Torts, 501; 1 Addison on Torts, 372-3: *Achey v. Hull,* 7 Mich., 423.

*C. G.* and *W. W. Hyde* for defendant in error. If trespassers on land build a school house on it, the house becomes the property of the owner of the land, *Druse v. Wheeler,* 22 Mich., 439; 26 Mich., 189, 200; mixed possession inures to the benefit of the real owner, 2 Waterman on Trespass, 362; *Abbott v. Abbott,* 51 Me., 575; *Leach v. Woods,* 14 Pick., 461; *Slater v. Rawson,* 6 Metc., 439; the owner of land may bring trespass for occasional entries and acts of trespass that do not constitute such a possession as interferes with ownership of the legal title, *Hughes v. Stevens,* 36 Penn. St., 320; trespass lies on the act of disseizin, *Rowland v. Rowland,* 8 Ham., 40, and subsequent acts, *Carter v. Beals,* 44 N. H., 408.

GRAVES, J. The plaintiffs in error acting under authority of the officers of the school district proceeded to remove the school house from the site it had some time occupied, and defendant in error who held the fee simple of the site sued them in trespass. The case was sent to a referee, who found the facts and held as matter of law that Mrs. Smith was entitled to judgment for five dollars and costs of suit. The circuit court affirmed the report and entered judgment accordingly, and defendants brought error.

The case appears plain. It is true Mrs. Smith had not leased the site, and in fact claimed the building and the right to enter. But the finding, we think, is clear that at the time of the alleged trespass, and for some years prior thereto, the district was in the actual entire and undisturbed possession.

Such being the case, the act of the plaintiffs in error under the authority of the district was not an act of

unlawful force or of trespass against Mrs. Smith or any body else. Her possession was not disturbed, because she had none. The action was not maintainable. 1 Chitty's Pl. [16 Am., from 7 Eng. ed.], pp. 71, 72 et seq.; Cooley on Torts, 437, 438; 1 Addison on Torts, 302, 289, 290; 2 Hilliard on Torts, 14.

The judgment must be reversed, and one entered here for plaintiff in error with costs of both courts.

The other Justices concurred.