HAYWARD *v.* SCHOOL DISTRICT NO. 9 OF THE TOWNSHIP
OF HOPE.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
    A contention not raised below canot be relied upon as a ground
    of reversal.

2. TRESPASS—RIGHT TO MAINTAIN—PARTY OUT OF POSSESSION.
    One not in possession of the property cannot maintain trespass
    quare clausum fregit.

3. LANDLORD AND TENANT—POSSESSION—OUSTER OF TENANT.
    The act of a landlord, in placing a lock on the door of a building
    in lawful possession of his tenant, is a mere invasion of the
    tenant's rights, and does not place the landlord in possession.

4. SAME — RIGHT TO REMOVE BUILDINGS — TERMINATION OF TEN-
    ANCY.
    The tenant owns buildings erected by him on leased land in
    furtherance of the purpose for which the premises were
    leased, and may remove them during the tenancy, or, if the
    tenancy terminate on a contingency, within a reasonable time
    after it terminates.

5. SCHOOL DISTRICTS — LEASED PREMISES — REMOVAL OF SCHOOL-
    HOUSE.
    Where a school district asserted its right to remove a school-
    house on leased premises within five days after closing school
    in such house, and before it had ceased exercising a right of
    possession over the same, the subsequent removal of the
    building within a reasonable time thereafter was within
    its rights, and the circumstances did not warrant any infer-
    ence of abandonment by the school district of its right to the
    schoolhouse.

6. SAME—STATUTE—OWNERSHIP OF SCHOOLHOUSE—RESERVATION.
    Under section 4673, 2 Comp. Laws, providing that no district
    shall build a frame schoolhouse on any site for which it
    has not a title in fee, or a lease for 50 years, without secur-
    ing the privilege of removing the schoolhouse, the owner of
    premises, leased for 50 years for school purposes, is not en-
    titled to the schoolhouse, after the termination of the lease,
    merely because of the absence of an express reservation of
    title in the school district.

Error to Barry; Smith, J. Submitted February 16, 1905. (Docket No. 159.) Decided March 28, 1905.

Trespass quare clausum fregit by Thomas Hayward against school district No. 9 of the township of Hope. There was judgment for plaintiff, and defendant brings error. Reversed.

*Colgrove & Potter*, for appellant.

*Fred W. Walker* (*Thomas Sullivan*, of counsel), for appellee.

CARPENTER, J. Plaintiff brings this suit, which is an action of trespass quare clausum fregit, to recover the value of a schoolhouse which he alleges defendant removed from his land. The schoolhouse was erected on the land in question in 1868. The land, which was subsequently transferred to plaintiff, then belonged to plaintiff's father. During the construction of the building, defendant and plaintiff's father orally assented that their rights should be determined by certain writing. By this writing defendant, for a consideration therein named, leased the land for 50 years, provided "that at any time that the parties of the second part [defendant] shall discontinue the district school on said land, the same shall fall in full possession of the parties of the first part" (plaintiff's ancestor and grantor). In the summer of 1902 defendant built a new schoolhouse on a different site. It ceased holding school in the schoolhouse in question December 24th. December 29th its directors gave notice of a special meeting of the voters to be held in this old schoolhouse "on Monday evening, January 5th, at 7 o'clock p. m., for the purpose of disposing of the schoolhouse on the old site." At this meeting plaintiff appeared, and insisted that he owned the schoolhouse. This claim was denied by the others present, and the district then sold the building to the highest bidder for $40 (the sale to be null and void if there was no right to sell), with the proviso "that the district hold the

schoolhouse for twenty days from the date of sale."
Within this 20 days defendant moved the building.   Later
this suit was brought.   The issue was submitted to a
jury, who rendered a verdict of $300 in plaintiff's favor.

Defendant insists that a verdict should have been di-
rected in its favor on various grounds, of which we notice
these two:   (1) Plaintiff was not in possession of the
property at the time the alleged trespass was committed.
(2) Defendant had a right to remove the building.

Plaintiff insists that defendant in the court below did
not contend that it had a right to remove the building.
If so, that contention cannot now be relied upon as a
ground of reversal.   We are bound, however—and this
will more clearly appear in our opinion—to consider de-
fendant's right of removal in determining whether plain-
tiff was or was not in possession.

Was plaintiff in possession of the property at the time
the schoolhouse was removed ?   If he was not, he cannot
maintain this action.   See *Carpenter* v. *Smith*, 40 Mich.
639.   Defendant never formally yielded possession to
plaintiff.   It never notified plaintiff that he might have
possession.   The only possession which plaintiff ever took
was to put a lock on the schoolhouse door.   It is obvious
that this did not put the building in plaintiff's possession
if defendant's possessory rights continued.   If defendant's
possessory rights continued, plaintiff's action was only an
invasion of those rights.   Those possessory rights did con-
tinue if defendant had a right to remove the building.
Defendant's right to remove the building at the time of
the alleged trespass affords, therefore, a complete answer
to plaintiff's claim that he was in possession.

Plaintiff insists that the rights of the parties shall be de-
termined by the writing to which they verbally assented.
No unfairness results to plaintiff therefore if we so deter-
mine them.   This writing does not in express terms give
defendant the right to remove the schoolhouse.   Neither
does it provide that the schoolhouse shall be the property
of the owner of the land.   If the rights of the parties are

determined by common-law principles, the schoolhouse was defendant's property, for it is settled in this State that the tenant owns buildings erected by him on leased land, "and in furtherance of the purpose for which the premises were leased." See *Kerr* v. *Kingsbury*, 39 Mich. 150. See, also, *Osborn* v. *Potter*, 101 Mich. 300; *Van Ness* v. *Pacard*, 2 Pet. (U. S.) 137. Accordingly, the tenant may remove such buildings during his tenancy, or, if his tenancy terminate on a contingency, within a reasonable time after it terminates. See *Martin* v. *Roe*, 7 El. & Bl. 237; *Northern Cent. R. Co.* v. *Canton Co.*, 30 Md. 347; 2 Taylor on Landlord & Tenant (9th Ed.), § 552. If, therefore, as contended by plaintiff, the lease terminated when school closed on the 24th of December, defendant had a reasonable time thereafter to remove the schoolhouse. Defendant's right of removal was asserted within five days. It was asserted before it had ceased to exercise the right of possession over the property, and the building was itself removed within a reasonable time thereafter. Under these circumstances, defendant acted within its rights. See *Antoni* v. *Belknap*, 102 Mass. 193. Neither do these circumstances warrant, as plaintiff contends, any inference of abandonment. It follows, therefore, that, if the rights of the parties are governed by the common law, defendant had a right to remove the building, plaintiff was not in possession at the time of the alleged trespass, and a verdict should have been directed in defendant's favor.

Plaintiff insists, however, that the common-law principles are rendered inapplicable to this case by reason of the following portion of section 4673, 2 Comp. Laws, viz. :

"Nor shall any district build a frame schoolhouse on any site for which they have not a title in fee or a lease for fifty years without securing the privilege of removing the said schoolhouse when lawfully directed so to do by the qualified voters of the district at any annual or special meeting when lawfully convened."

It is obvious that the purpose of this statute was to se-

cure to the school district the right of removing at any time a frame schoolhouse erected on a site leased for less than 50 years. This statute has no application to the lease under consideration (which, from the standpoint of plaintiff, adopted by us, is a lease for 50 years) unless it indicates a legislative intent that, in the absence of an express reservation of title, schoolhouses on leased land shall belong to the landowner. No such intent is expressed. We cannot infer that intent without deciding that the legislature, by enacting a statute to enlarge the rights of the public in a schoolhouse erected on leased land, intended to diminish those rights and enlarge the opposing rights of the landowner. We cannot so decide. We conclude, therefore, that the statute has no application, and that the rights of the parties are to be determined by the principles of the common law. So determined, as heretofore indicated, defendant had a right to have the jury instructed to render a verdict in its favor.

It follows that the judgment of the lower court should be reversed, with costs of both courts. As plaintiff cannot recover, no new trial will be granted.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.