[No. 5218.]
[No. 2832 C. A.]

THE MOSCA TOWN COMPANY v. WELLINGTON ET AL.

1. **Appellate Practice—Overruling Motion to Make More Specific—Party Not Prejudiced by Ruling.**

   Where a motion to make more definite and certain was overruled, and the admission of evidence was not restricted under the issues as framed and tried to the court, and the appellant was not prejudiced thereby, such ruling will be sustained on appeal.—P. 327.

2. **Real Property—Fixtures—Buildings.**

   Where a building is built upon a substantial rock foundation and for permanent use, and erected to effectuate the purpose for which the land upon which it is built was conveyed, it becomes a fixture and part of the realty.—P. 328.

3. **Estoppel—Inconsistent Positions.**

   Where a person claims certain property by virtue of an agreement that it was given in settlement of a claim, and afterwards obtains a judgment based upon the same claim, such person must rely upon the one or the other, and, after having obtained the judgment, it seems of necessity that the judgment must be the one relied upon.—P. 329.

4. **Real Property—Reversions—Fixtures—Buildings—Right to Remove.**

   Where land is conveyed to be used for a certain purpose with reversion when ceasing to be so used, and a permanent building is erected upon a substantial rock foundation to effectuate such purpose, the building cannot be removed, after the business ceases, by assigns of the grantee, since the title thereto can only pass by executing a deed for the land and the building.—P. 330.

5. **Same—Rights of Third Persons.**

   Where plaintiff conveyed land to be used for a certain purpose with reversion when ceasing to be so used, and a permanent building is erected upon a substantial rock foundation to effectu-

ate such purpose, and the plaintiff took possession of the premises after the business had closed and later tore down the building and removed the lumber, defendant, claiming the lumber under an agreement with the grantee, cannot question the method of the plaintiff in enforcing the forfeiture, since the grantee alone can raise that question.—P. 331.

*Appeal from the District Court of Costilla County.*
*Hon. Chas. C. Holbrook, Judge.*

Action by The Mosca Town Company against L. C. Wellington and W. H. Breene and Homer Gray. From a judgment for defendants, plaintiff appeals.

*Reversed.*

Mr. W. E. Cox, for appellant.

Mr. James W. Shields, for appellees.

Mr. Justice Caswell delivered the opinion of the court:

Appellant, a corporation and plaintiff below, brought suit in the district court of Costilla county to recover the value of certain lumber and other items of personal property described in the complaint. The appellee Wellington filed an answer. The trial was had in the district court, a jury being waived. A motion was made to make the answer more definite and certain, which was overruled, and the action of the judge in overruling same is assigned for error. The case was tried to the court and there seems to have been no restrictions as to the admission of evidence under the issues as framed, and it further appears that the appellant was not prejudiced by the action of the judge in denying the motion, and the ruling is therefore sustained.

One of the main questions in this controversy is whether the appellant owned, and was entitled to the possession of, certain lumber, nails, and other personal property described in the complaint, at the

time the appellee caused the same to be taken from its possession, she claiming to own it. It appears from the record that in March, 1897, appellant conveyed to the Mosca Labor Exchange, Branch 151, Costilla county, state of Colorado, a certain tract of land, which conveyance contained, amongst other things, a condition that should the grantee fail to autonomously exist, or to continuously operate on said land a tannery, the deed should thereupon become null and void, and the title to said premises should thereupon revert to the grantor and to its successor or successors in interest. Thereafter the grantee erected a building for a tannery upon the land. This building was erected to effectuate the purpose for which the land was conveyed, and for permanent use. It was built upon a substantial rock foundation. Under the ruling in this jurisdiction it became a fixture and part of the realty.—*Roseville, etc., Co. v. Iowa Co.*, 15 Colo. 29; *Hardware Co. v. McCarty*, 10 Colo. App. 200. The tannery was operated as such by the grantee named in the deed for about sixty days, when the business was closed down, and no other or further business was done at any time by the grantee, the Labor Exchange of Costilla county, nor does it appear that there was ever any meeting of the members of the Exchange thereafter. Some time after the discontinuance of the business of the Exchange, a Mr. Terry as agent, and as an officer of the appellant company, entered upon the land described in the deed and, by reason of the reversion clause, took possession of the premises, including the building, and posted notices upon every door of the building, which notices had been posted for months before the removal of the building by appellant, and thereafter maintained exclusive possession. About February, 1901, the appellant caused the building to be taken down and the material re-

moved to Mr. Terry's yard, where it was held as the property of the appellant company, from which place it was taken about the 4th day of March, 1901, by appellee.

Of the defendants, Mrs. Wellington is the only one who defended in this suit. It appears from the testimony of herself and husband, that at the time of the erection of the tannery building, she sold the Labor Exchange a bill of lumber amounting to about one hundred and seventy-five dollars ($175.00); the lumber was delivered and used in the construction of the building; at that time they expected to join the organization, but neither she nor her husband did so; that they were paid a small amount on account of the lumber, and thereafter procured a judgment against the Exchange for one hundred and fifty-eight dollars ($158.00), which, on the 4th day of March, 1901, had not been paid. There is testimony by the appellee to the effect that before the judgment was obtained, some members of the association gave her the building in settlement of her claim, and also that there was talk of a compromise in settlement of the judgment, she to take the building therefor, if she could have time to move it off the lots, but that she did not take the building in settlement of her judgment because she could not make arrangements with Mr. Terry to move it. She based her right to take the lumber from appellant upon this agreement with some members of the Exchange that she should have the building in settlement of her claim or her judgment. The testimony is contradictory and inconsistent. She cannot have the building in settlement of her claim, and then have a judgment based upon the same claim and upon evidence that the Exchange still owed her the amount. She must rely upon the one or the other, and as she obtained a judgment, it seems of necessity that she must rely upon that. It

does not at all appear how or at what time she obtained any title to the building or to the lumber by virtue of any agreement with the Labor Exchange association. It appears, by the testimony of a member of this association, that there were about fifteen or sixteen members. It appears from the evidence of appellee that she talked with three members concerning the taking of this building, and they told her to take it. It is not shown that they had any right to dispose of or convey the property of the Exchange. It appears further from the testimony of her husband, who seemed to have been acting for her in this matter, that a sufficient number of members would not meet so as to make up a quorum, and no action by the Exchange as such was ever taken in connection with the material. We do not see how such action could be taken otherwise than by executing a deed for the land and the building to appellee. The record discloses no claim by appellee to the land, nor is it attempted to be shown that she succeeded to the rights of the Exchange under the condition of the deed. It is one of the conditions which seems to have been made a part of the purchase price, that the premises should be occupied by the grantee named therein, and by it alone. The land seems by the deed to have been conveyed for no further consideration than that it should be occupied by the Labor Exchange, which obligated itself to conduct a tannery business. The appellee then had no title to the building or to the lumber with which it was constructed, in whole or in part.

The court found that it was necessary that some proceedings should be taken by appellant to have the reversion declared, by the judgment of a court, before it could claim any title to the property under the reversion; and it is claimed by the appellee that either a judgment, or decree, or a deed from the

grantee was required to reinstate the appellant in its rights to the property.    We are not favored with any authorities upon this question and do not pass upon it, because it is not necessary to the disposition of this case.    It is sufficient to say that "a reversion is the residue of an estate left in the grantor and his heirs to commence in possession after the determination of some particular estate granted out by him."— 24 Am. & Eng. Enc. Law 420, and many cases cited. It is further true, however, that a reversioner may waive a condition, and that the breach does not of itself determine the grantee's estate without some act on the part of the person entitled to take advantage of the forfeiture; but the undisputed evidence shows that appellant took such steps as would give notice of its claim of forfeiture.    As before stated, its agent made an entry or re-entry upon the premises, posted notices, maintained the exclusive possession and kept people away from them; and this possession was taken by reason of the reversion clause, and the possession was claimed for both the building and the land.    Whether any further steps were required is a matter which has nothing to do with the appellee, and from which she can have no advantage.    Under the record presented the Labor Exchange alone, as grantee, can question the method of the appellant in enforcing the forfeiture; it is not a party to the suit, and is not here complaining.

There is no question about the right of The Mosca Town Company to convey the limited fee in the first instance, and no question about the right of the grantee to accept the deed containing the condition and to make the character of contract it did make.    When the building was taken down and the materials removed, there were no rights in the appellee which could attach to them.    It follows, then, that the action of herself and her agents and em-

ployees in the removal of the property described in the deed from the possession of appellant was without any authority of law whatever. The title which it had obtained by taking possession of the land and building and maintaining the possession of the building, both as real property and personal property, was superior to any right or title of appellee.

The judgment is reversed.            *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.