[Civ. No. 4866.   First Appellate District, Division Two.—June 17, 1924.]

## HAROLD E. RICHEY, as Administrator, etc., Respondent, v. CORRALITOS UNION SCHOOL DISTRICT, etc., Appellant.

[1] SCHOOLS AND SCHOOL DISTRICTS—ACTION TO RECOVER PROPERTY—PARTIES—PLEADING.—In an action to recover possession of certain property held by a school district, an allegation that since a specified date the defendant (naming it) "has been and now is a union school district of the county of Santa Cruz, State of California," is a sufficient pleading of the corporate existence of the defendant, and it is not necessary to name the officers or trustees of the district, its boundaries and the laws under which it was organized.

[2] ID.—SUFFICIENCY OF COMPLAINT.—In such action, if the complaint alleges plaintiff's right to possession of the property, which is definitely described, and the unlawful withholding of the possession thereof on the part of the defendant, it states facts sufficient to constitute a cause of action.

[3] ID.—CONVEYANCE FOR SCHOOL PURPOSES—ABANDONMENT OF USE—REVERSION TO GRANTOR—EVIDENCE—FINDINGS.—In such action, the evidence having shown that plaintiff's predecessors deeded the property in question to a certain school district to be "used for school purposes only" and if not so used the estate thereby granted should be "forfeited and revert to said grantors," and that the property was so used for a period of years and until the organization of a new union school district, which succeeded to all the interest of the grantee, and that from and after that date the property had not been used for school purposes, the trial court properly found, in accordance with the allegations of the complaint, that the plaintiff was entitled to the possession of the property which the defendant was unlawfully withholding.

(1) 35 Cyc., p. 1060.   (2) 19 C. J., p. 1106, sec. 113; 35 Cyc., p. 1059.   (3) 35 Cyc., p. 923.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   Benj. K. Knight, Judge.   Affirmed.

The facts are stated in the opinion of the court.

3.  Reverter of land conveyed for school purposes, note, 44 L. R. A. (N. S.) 1220.  See, also, 24 R. C. L. 585.

Stanford G. Smith, District Attorney, for Appellant.

Charles B. Younger for Respondent.

NOURSE, J.—The plaintiff sued to recover the possession of certain property held by the defendant school district. The complaint alleged the appointment of the plaintiff as administrator of the estate of Charles M. James, deceased; the right of plaintiff to the possession of the property; the unlawful holding of possession by the defendant, and the corporate existence of the defendant as the successor in interest to the Brown's Valley School District. A demurrer was interposed, both general and special. [1] The special demurrer assigned ambiguity in the manner of pleading the existence of the defendant corporation, the argument being that the complaint should have named the officers or trustees of the district, its boundaries and the laws under which it was incorporated. The complaint alleges that "since July, 1919, Corralitos Union School District of Santa Cruz County has been and now is a union school district of the county of Santa Cruz, in the State of California." We do not find any ambiguity in these allegations. [2] As to the general demurrer, the complaint alleges plaintiff's right to possession of the property, which is definitely described, and the unlawful withholding of the possession thereof on the part of the defendant. The complaint thus states facts sufficient to constitute a cause of action.

[3] The issue framed by the pleadings and tried by the court, sitting without a jury, was that in the year 1885 plaintiff's predecessors had deeded to the Brown's Valley School District the land in question to be "used for school purposes only and if at any time not so used the estate hereby granted shall be forfeited and revert to said grantors." The trial court found, in accordance with the allegations of the complaint, that the plaintiff was entitled to the possession of the property which the defendant was unlawfully holding and that said property had not been used for school purposes since July 1, 1919. There was ample evidence to support these findings. It appeared that when the property was deeded to the Brown's Valley School District a school building was erected thereon and this had been used for school purposes by the trustees of that district until July

1, 1919. It then appeared that on the latter date the Corralitos School District was organized and that it thereupon succeeded to all the interest of the Brown's Valley School District, the grantee under the deed. It was shown that from that date the property had not been used for school purposes but that the trustees of the Union School District had allowed certain school furniture, which was unfit and unsuitable for school purposes, to remain in the building; that they had allowed some books belonging to the Santa Cruz public library to be stored there, and that they had permitted a teacher of an adjoining Oriental school to use the building intermittently for the purpose of exhibiting pictures and drawings made by herself to some of her pupils. This teacher, as well as the pupils, however, came from another school district and there was no attempt to show that their use of the building pertained to the school purposes of the defendant school district.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.