# SEGRI STEENERSON v. KNUT SWENSON AND ANOTHER.[1]

July 18, 1924.

No. 23,995.

**Injunction against removal of buildings denied.**

A deed to a dairy association contained a provision to the effect that, if the land conveyed should be permanently abandoned as a site for a creamery, the title of the association should be divested and restored to the grantor or his heirs. In a suit to enjoin the removal of buildings erected on the land, brought against purchasers from the association, it was *held* that the association had not abandoned the land as a site for a creamery. There was sufficient evidence to support a finding to that effect, and hence plaintiff could not prevail in her suit.

Action in the district court for Polk county to restrain the removal of buildings from certain land. The case was tried before Watts, J., who when plaintiff rested denied defendants' motion to dismiss the action, made findings and ordered judgment in favor of defendants. Plaintiff's motion for amended findings and conclusions, or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*F. A. Grady*, for appellant.

*Ole J. Vaule* and *William P. Murphy*, for respondents.

LEES, C.

This is a suit to enjoin the removal of buildings on land claimed by plaintiff. The court found against her and she has appealed from the judgment.

The land was a part of a larger tract owned in the year 1902 by Levi Steenerson, who was plaintiff's husband. In that year he and she joined in a deed to the Climax Co-Operative Dairy Association, conveying 37/100 of an acre of land. The deed contains this provision:

[1]Reported in 199 N. W. 745.

"Provided, however, that if the above described land should be discontinued permanently as a creamery site by the Climax Co-Operative Dairy Association then the above described land goes back to Levi Steenerson or his heirs and assigns."

In the same year the association erected the buildings in question and began to operate a creamery. In 1906 Steenerson and his wife executed a second deed to the same grantee. This deed described a lot in the village of Climax which was part of the site of the creamery, but seems to have been omitted from the first deed or to have been erroneously described therein. The second deed contained the same proviso as the first, omitting the word "permanently." The association operated the creamery until the fall of 1918. In 1919 the buildings were used by a tenant as a "cream station," where cream was bought for shipment. In May, 1920, the machinery of the creamery was sold and removed. The buildings were also sold, but no attempt to remove them was made until November of that year.

Levi Steenerson died in the year 1915. Plaintiff's position is that as his widow she has the right to prevent the removal of the buildings because the Dairy Association had ceased to use the land as a site for a creamery, and as a consequence its title and right of possession were lost. The findings were to the contrary. In a memorandum attached thereto the trial judge said:

"While the fact that the Climax Co-Operative Dairy Association decided to sell, and did sell the buildings upon the lands upon which they were situated, is indicative of a purpose upon defendants' part to abandon lot numbered 17 * * * as a creamery site, yet the fact that the creamery company was in debt and had no other means of raising the money to pay the debt than to sell the buildings, and the further fact that witness Thompson testified that he thought they would resume operations upon it as a creamery site is evidence upon the other side, and I am of opinion, warrants the finding that the plaintiff has not established by preponderance of evidence in this case that said Dairy Association intended to abandon this site as a creamery site."

Plaintiff contends that the evidence did not justify this conclusion; that it showed conclusively that the association discontinued the operation of the creamery in the fall of 1918, had not resumed operations, and had no intention of doing so, and that she had rightful possession of the land and buildings in October and November, 1920, when defendants attempted to remove the buildings.

The officers of the association were witnesses for defendants. They were pressed to admit that the association had definitely concluded not to operate a creamery at Climax again, but refused to make that admission. Their explanation for the sale of the buildings and machinery was that the buildings were old and were decaying fast; that the machinery was out of date; that the supply of cream from the surrounding territory was not sufficient to make possible the operation of the creamery at a profit; and that there were debts to be paid. They expressed rather vaguely the hope or expectation that conditions would change and that in the course of time the farmers would keep larger dairy herds, and it would again be profitable to operate a creamery with new buildings and improved machinery. The evidence in this particular was not very satisfactory, but there is enough to support a finding that the association had not permanently abandoned the land as a site for a creamery. In the absence of a finding that there had been such an abandonment before plaintiff took possession of the buildings and commenced this action, she cannot prevail.

It matters not whether the provision in the deeds is in the nature of a condition subsequent so that a re-entry or affirmative action of some sort on the part of the grantor or his heirs was necessary to terminate the estate or right granted, or whether it was in the nature of a conditional limitation so that upon the abandonment of the property as a site for a creamery the estate granted was ipso facto terminated without affirmative action on the part of the grantor or his heirs. See Norton v. Duluth Transfer Ry. Co. 129 Minn. 126, 151 N. W. 907, Ann. Cas. 1916E, 760; 21 C. J. p. 930. In either case the rights acquired under the deeds were not lost, unless the association permanently abandoned its use of the land. Rowe v. City of Minneapolis, 49 Minn. 148, 51 N. W. 907. The find-

ing in effect that there had been no such abandonment was determinative of the one vital issue in the case, and hence the judgment must be affirmed.