ALBERT JOECKS v. FARMERS & MERCHANTS STATE BANK
OF HUTCHINSON AND OTHERS.[1]

January 7, 1927.

No. 25,758.

**Reversion of title to grantors on breach of condition subsequent in deed.**
*Held*:

(1) Where parents conveyed land to son on condition deed should be null and void in case he failed to pay them each year as long as they lived a specified sum of money, the title reverted to grantors because of son's failure to make payments.

(2) Son's mortgage on land to appellant bank, taken with full knowledge of deed by appellant and its officers, when none of proceeds had been used in improvement of the farm, was null and void.

(3) In action to quiet title plaintiff in possession of land was entitled to judgment in his favor as asked for in the complaint. [Reporter].

Deeds, 18 C. J. p. 375 n. 67.

Defendant Farmers & Merchants State Bank of Hutchinson appealed from the judgment of the district court for Meeker county, Qvale, J. Affirmed.

*C. G. Odquist* and *Sam G. Anderson,* for appellant.
*Murray & Baker,* for respondent.

PER CURIAM.
Action to quiet title in plaintiff to 160 acres of land in Meeker county. It is alleged in the complaint and admitted in appellant's answer that the plaintiff is the owner and in the lawful possession of the land. However, appellant alleges and claims interest therein under and by virtue of a certain mortgage given to it by the plaintiff's son, Gustav Joecks, in November, 1923, for $13,600 which is of record in the office of the register of deeds of the county.

In March, 1915, plaintiff, his wife joining, executed to their son, Gustav A. Joecks, a deed of conveyance of the land and, as a part of the consideration therefor, it contained a condition subsequent, as follows: '

[1]Reported in 211 N. W. 675.

"Provided however that as a part consideration for this deed the party of the second part is to pay to the parties of the first part or the survivor on the 1st day of December of each and every year beginning on the 1st day of December, 1915, during the period of the natural lives of the said first parties the sum of $240.00 per year. That in case of the failure of the second party to make the payments aforesaid, then this deed is to be null and void and the title to the land shall revert to the parties of the first part."

The son went into possession and worked and improved the farm until in March, 1923, when he executed a mortgage in form to the appellant in the sum of $13,600 upon which there is still unpaid over $10,000.

At the time of the execution of the mortgage, the son was in default in the payment of all the instalments mentioned in the condition subsequent, of which appellant and its officers had full notice and knowledge. None of the funds for which the mortgage was given to secure the payment were used in the improvements, so far as appears from the evidence. The trial court made findings of fact in accordance with the foregoing and ordered judgment in favor of the plaintiff as asked for in the complaint. From a judgment entered upon the findings and order, this appeal was taken.

The deed contained a provision that, as a part of the consideration therefor, the grantee agreed to pay to the grantors the sum of $240 per year so long as they lived and that if the grantee failed to make such payments then the deed would be null and void and the title to the land would revert to the grantors. This provision created a condition subsequent upon the breach of which the title to the land reverted to the grantors, free from the lien of the mortgage. Minneapolis T. M. Co. v. Hanson, 101 Minn. 260, 112 N. W. 217, 118 Am. St. 623. There is no merit in the contention that plaintiff verbally promised to pay the indebtedness or any part thereof secured by the mortgage. The findings of the trial court are fully supported by the evidence and the conclusions are warranted by the findings.

Affirmed.