NEW HEBRON CONSOL. SCHOOL DIST. *v.* SUTTON.*

(Division A.   Oct. 1, 1928.   Suggestion of Error Overruled Oct. 15, 1928.)

[118 So. 303.   No. 27285.]

476

*Corpus Juris-Cyc References: Fixtures, 26CJ, p. 654, n. 30; p. 669, n. 43; p. 671, n. 52; Schools and School Districts, 35Cyc, p. 925, n. 20. As to whether building erected on land conveyed for specific use is fixture, see 11 R. C. L. 1085; 5 R. C. L. Supp. 628.

*Fred M. Bush,* for appellant.

*G. Wood Magee,* for appellee.

*C. E. Gibson,* for appellee.

SMITH, C. J. This is an appeal from a decree dismissing an original bill filed by the appellant against the appellee, praying for the cancellation of appellee's claim to a building on his land, and that he be restrained from interfering with the appellant's taking down and removing the building. The case was heard on bill, answer, and proof, from which it appears that in 1908 B. W. Johnson conveyed to the trustees of the Hooker school district a small plat of land, the consideration therefor being one dollar and the further consideration that the land hereinafter shall be used for a public school, with the distinct understanding and agreement, when it ceases to be used for the purpose of a public school, to be maintained annually, then said land is to revert without further notice to the grantor herein.

A building was erected on this land, and a public school maintained thereon, until 1927, when the New Hebron consolidated school district, which embraces the territory included in the Hooker school district, was formed.

A schoolhouse for the new district was erected on land other than that conveyed to the Hooker school district by Johnson, which land, and the building thereon, are no longer used for school purposes. After conveying the land to the Hooker school district, Johnson conveyed it, and other lands, to another, from whom it came to the appellee by *mesne* conveyances. The land, as we understand the record, is now in Sutton's possession, and his right thereto is admitted by the appellant.

Section 111, chapter 283, Laws 1924 (Hemingway's 1927 Code, section 8746), provides that:

"In any consolidated school district in which property owned by a former public school or schools is situated this property shall become the property of the consolidated school district."

In December, 1927, the president of the board of supervisors of the county in which the Hooker school district is situated, pursuant to an order of the board of supervisors thereof, executed a deed to the building to the trustees of the New Hebron consolidated school district. It is not clear from the evidence whether the building was on the land when it was conveyed by Johnson to the Hooker school district, and we will assume, as counsel for the appellant contends, that it was then on the land, and had been constructed by the patrons of the school, with Johnson's consent, for school purposes.

The appellant's contention is that the clause in Johnson's deed which provides for the reversion of the land does not include the building erected thereon by the patrons of the school for school purposes. The appellant does not controvert the rule that a building erected on land ordinarily becomes a part thereof, and passes therewith. Its contention is that this building did not become a fixture within that rule for two reasons: First, it was erected by the patrons of the school before the land was conveyed by Johnson to the school district, was not then owned by Johnson, and therefore is not subject to the

defeasance clause in the deed to the school district from him; second, it was erected by the patrons of the school for a particular purpose, to-wit, for use as a schoolhouse so long only as they should desire so to do. The bill alleges the erection of the building by patrons of the Hooker school district, but does not allege the date of or the circumstances under which it was erected, and no evidence was introduced by either party relative thereto. The land conveyed by Johnson is described as follows:

"Commencing at the center of the main building [the Hooker school building], measure one hundred five feet east for a starting point, thence north one hundred five feet, thence west," etc.

This description assumes that a school building was then on the land, but the evidence is entirely silent as to whether it was the one here in question.

Ordinarily a building erected by one on the land of another, without any agreement, express or implied, to the contrary, becomes a part of the realty. In order for the appellant to recover on the theory that the building was not a part of the realty when Johnson's deed to the Hooker school district was executed, it should have alleged and proved that the building was then on the land, and had been erected by the patrons of the school with Johnson's consent, either expressed or implied, that it should not become a part of the realty. This it made no attempt to do.

When the New Hebron school district accepted the deed to the land, it became the owner therein in fee, subject to a possibility of reverter in the donor in the event it should not "be used for the purpose of a public school." When the building was erected on this land it became a fixture, and the fact that it was erected to effectuate the purpose for which the land was conveyed to the school district is ineffectual to prevent it from becoming a part of the realty. 11 R. C. L. 1085; *Mosca Town Co. v. Wellington,* 39 Colo. 326, 89 P. 783, 121 Am.

St. Rep. 175; *Bay City Land Co.* v. *Craig*, 72 Or. 31, 143 P. 911.

Another contention of the appellant, in which there is no merit, is that the school building, having been erected for, and devoted to, a public use, does not become a fixture, and therefore subject to the reversionary clause in the deed from Johnson to the school district. Conditions subsequent in a deed apply with equal force to the public as to private individuals.

*Affirmed.*