## THEODORE MILLER v. COMMON SCHOOL DISTRICT NO. 99 AND ANOTHER.[1]

May 19, 1950.

No. 35,158.

---

[1]Reported in 43 N. W. (2d) 102.

*L. P. Johnson* and *Robert E. Debel,* for appellant.

*C. J. Donnelly,* for respondent Common School District No. 99.

LORING, CHIEF JUSTICE.

Action in the nature of ejectment to recover possession of land and damages for withholding possession thereof. Plaintiff, not having been awarded all the relief demanded by him, appeals.

The questions for decision are:

(1) Whether a grantor conveying land the title to which has reverted to him upon the happening of the condition specified in the conveyance is entitled to a building permanently affixed thereto at the time of reversion; and

(2) Whether a person erecting a building on land to which he has legal title subject to termination upon the happening of a condition subsequent is entitled under M. S. A. 559.09 to remove the building after the happening of the condition.

The facts found are that on October 4, 1924, the grantor (plaintiff's predecessor in title) conveyed the tract of land in question to the school district "for school purposes only and for so long as the same shall be used for school purposes," subject to the provision that if the use for school purposes should at any time be discontinued title in fee should at once "revert back to said grantors [*sic*], their heirs and assigns"; that shortly after the execution of the deed the grantee erected thereon a schoolhouse having a concrete foundation and basement; that to and including May 1946 the school building was used for school purposes; that since that time the property was not used as a school, but rather for the purposes of holding meetings and storing school equipment; that on April 24, 1949, the grantee consolidated with and became a part of Joint District No. 15 of Lyon and Yellow Medicine counties; and that thereupon the title to the land reverted to plaintiff as the heir at law of the grantor. As conclusions of law, the court held that while by the reversion plaintiff became the owner of the land

he did not become the owner of the school building situated thereon; that the school district had the right, notwithstanding the reversion, to remove the school building; and that it was entitled to 60 days in which to do so.

■ A grant of real property for a specified use with a provision that if the use shall cease or be discontinued title shall revert to the grantor, his heirs, or assigns terminates upon the cessation or discontinuance of the specified use, and thereupon the title granted reverts to the grantor, his heirs, and assigns respectively. Joecks v. Farmers & Merchants State Bank, 169 Minn. 519, 211 N. W. 675. See, Steenerson v. Swenson, 160 Minn. 173, 199 N. W. 745. The reversion carries with it all structures upon the land which have become a part thereof. Richey v. Corralitos Union School Dist. 67 Cal. App. 708, 228 P. 348; Mosca Town Co. v. Wellington, 39 Colo. 326, 89 P. 783, 121 A. S. R. 175; Malone v. Kitchen, 79 Ind. App. 119, 137 N. E. 562; County Board of Education v. Littrell, 173 Ky. 78, 190 S. W. 465; New Hebron Consol. School Dist. v. Sutton, 151 Miss. 475, 118 So. 303. See, St. Andrews Bay Lbr. Co. v. Drummond (5 Cir.) 299 F. 238.

The authorities relied upon by defendants are not in point. Hayward v. School Dist. 139 Mich. 539, 102 N. W. 999, involved the right of a tenant under a lease, not a grantee upon condition subsequent, to remove a building. See, Erickson v. Jones, 37 Minn. 459, 35 N. W. 267. Schwing v. McClure, 120 Ohio St. 335, 166 N. E. 230, involved the right of a school district to accept as grantee a deed containing conditions similar to those in the deed here in question; and, while the court held that a school district has no such power under the statutes of Ohio, it expressly held that the rule in the absence of such statutes is as we have stated it, citing New Hebron Consol. School Dist. v. Sutton, *supra;* as authority therefor.

■ The school district was not entitled to remove the schoolhouse under § 559.09, which provides that a person who in good faith and under color of title and with good reason to believe that legal title to land is vested in him, when in fact the legal and equi-

table title is vested in another, erects a building on such land, may upon specified conditions remove the building within 60 days after determination that he is not the owner of the land, for the reasons that at the time the school district erected the schoolhouse the legal and equitable title was in the school district and not in another, subject only to the happening of the condition subsequent, which if it should occur would terminate its estate. The statute protects persons erecting buildings on land in good faith under color of title where the legal and equitable title is in another, but not where the legal title is in the person erecting the building. During the continuance, the estate of the school district had all the rights and privileges of an owner in fee simple. 31 C. J. S., Estates, § 10.

It follows that plaintiff was entitled to the school building situated on the land as part of his reversionary interest and that the trial court erred in holding otherwise.

Reversed with directions to amend the conclusions of law in accordance with the opinion.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.