BOARD OF SCHOOL TRUSTEES OF CHURCHILL COUNTY, CONSOLIDATED SCHOOL DISTRICT B, PLAINTIFF AND APPELLANT, *v.* T. J. SMITH, DEFENDANT AND RESPONDENT, AND R. L. DOUGLASS, INTERVENING DEFENDANT AND RESPONDENT.

No. 3765

June 14, 1954.                   271 P.2d 394.

*A. Loring Primeaux,* of Fallon, for Appellant.

*G. J. Kenny,* of Fallon, for Respondents.

## OPINION

By the Court, BADT, J.:

This appeal presents the question as to whether a certain school building erected by school authorities upon land of another was and remained personal property of the school authorities subject to removal by them under the circumstances hereinafter stated; or whether it became a fixture and a part of the realty subject to a dedication for public school purposes and reverted to the servient estate on abandonment of such public use.

According to the agreed statement of facts the building was constructed on a parcel of land defined by metes and bounds as being a tract 428 feet by 140 feet, comprising approximately 1.4 acres, as part of an 80-acre tract owned by R. L. Douglass, intervenor herein. Douglass owned the land from a date prior to 1909 when the Island School District was formed. Under statutory proceedings the district issued and sold $1,000 20-year bonds, with the proceeds of which it constructed the building on a concrete foundation "with the permission of said Douglass." In 1929 Douglass conveyed the 80-acre tract to one Washburn, "save and except  *  *  * that block of land reserved for school purposes." In 1936, because of the tax delinquency of Washburn the entire 80-acre tract including the school parcel, was "through inadvertence" conveyed to Churchill County, and in 1946 Churchill County conveyed the entire 80-acre tract to Truckee-Carson Irrigation District, which

district in 1949 conveyed the 80 acres, excepting the school tract reserved, to Kenneth W. Smith. All of the conveyances mentioned were placed on record. For this entire period of forty years the possession of the school district was undisturbed. In 1949 Island School District was consolidated with Consolidated School District B, whose board of trustees is the appellant herein.

On September 9, 1949 the Consolidated District entered into an agreement with the Ladies Circle of Island District whereunder it "turned over" the building to the Ladies Circle "for use as a community center" and the Ladies Circle assumed "full responsibility for the care, upkeep, insurance and use of the *former* Island School which will serve as a community center for this district. We further assume any and all liabilities of any nature connected with the care and use of the *former* Island School and Grounds. It is further understood that the Con. B. Board *relinquishes all title to the above and assigns the building and grounds for use as a community .center to be governed by the [Ladies Circle] Board.*" (Emphasis supplied.) The Ladies Circle then rented the premises to T. J. Smith. When Smith refused to vacate, upon the ground that he was the tenant and caretaker of Douglass, this action in unlawful detainer was commenced against Smith, and Douglass was permitted to intervene and defend. The court denied plaintiff relief and quieted title in Douglass, and the school district appealed.

Appellant concedes the general rule of law that permanent improvements affixed by a stranger to the land of another become realty and vest in the owner of the fee, but relies upon an exception to such general rule, that where such improvements are erected on the land of another with the latter's permission an agreement is implied that the structure shall remain the property of the person erecting the same and subject to removal by him. Respondent relies upon the theory that the

facts show a dedication of the land by Douglass to school purposes not subject to revocation so long as they were so used; the erection of the school building upon a concrete foundation whereunder it became a part of the realty; the abandonment of the school for school purposes and the reversion of the easement. The learned district judge upheld this theory, and the stipulated facts and the applicable law sustain this holding. 26 C.J.S. 154, Dedication, sec. 64; New Hebron Cons. School District v. Sutton, 151 Miss. 475, 118 So. 303; Shearer v. City of Reno, 36 Nev. 443, 136 P. 705; Treadway v. Sharon, 7 Nev. 37 (cons. vol. 5–6–7 Nev. 725).

The actions of the parties over a period of forty years, the various deeds of record recognizing the exception or reservation of the tract for school purposes and the continued use of the property for school purposes for this extended period are inconsistent with appellant's theory that the owner of the 80-acre tract could at any time have withdrawn "permission" and required the school trustees to remove the building—a reciprocal right which would follow as a matter of law if appellant's theory could be sustained.

When Douglass cross complained to quiet his title to the schoolhouse tract of land, the board of school trustees sought to defend by showing that the title had passed from Douglass through the delinquent tax proceedings. The agreed statement of facts establishes that the title was either in Douglass or in Truckee-Carson Irrigation District, which was not a party to the action, and without whose presence no determination of title could be made. N.C.L.1929, sec. 8565; Robinson v. Kind, 23 Nev. 330, 47 P. 1. Nor is this material. The dominant estate, the easement to use the property for school purposes under the dedication, having been abandoned, there was a reversion thereof to the servient estate, and the identity of the person owning the fee became a matter of no concern to the school district. The

school board's appeal, therefore, concerns only that part of the judgment that denies it any relief. Such part of the judgment we affirm.

It is ordered that the case be remanded to the district court with instructions to enter a judgment dismissing the complaint. The parties shall pay their own respective costs in this court.

EATHER, C. J., and MERRILL, J., concur.