# CONSOLIDATED SCHOOL DISTRICT NO. 102, WASHINGTON COUNTY, v. LeROY WALTER AND ANOTHER.[1]

November 12, 1954.

No. 36,298.

*Neumeier, Harrigan & Eckberg,* for appellant.
*William T. Johnson,* for respondents.

DELL, CHIEF JUSTICE.

This is an action brought by plaintiff to enjoin defendants from entering upon certain real estate and for an order of the court declaring the future rights of the parties with respect to the use and occupancy of the premises involved. Plaintiff appeals from a judgment rendered in favor of defendants.

[1]Reported in 66 N. W. (2d) 881.

On November 2, 1863, Ebenezer Ayres and his wife conveyed a small tract of a larger portion of real property they owned to Common School District No. 29 of Washington county. The deed contained the following language which is significant here:

"To have and to hold all and singular the above mentioned and described premises together with the appurtenances unto the said School District Number Twenty-nine (29) of the County of Washington In Trust and to and for the use, intent and purpose of a site for a School House for the use of the Inhabitants of said School District, and the said Ebenezer Ayres and Lucy T. Ayres, his wife, hereby declare that whenever the said School District removes the School House from said tract of land or whenever said School House ceases to be used as the Public School House for the use of the Inhabitants of said School District then the said Trust shall cease and determine and the said land shall revert to said Ebenezer Ayres and Lucy T. Ayres, his wife, their heirs and assigns."

Subsequently the executors of the estate of Ebenezer Ayres, by probate deed, conveyed the entire tract of land to Hartley Mars, the deed making no reference to that part previously conveyed to the school district. By other mesne conveyances, likewise without reference to or exclusion of the school site, the property came into the hands of defendants. Shortly after receiving the tract from Ayres, School District No. 29 built a schoolhouse on the land which was used as a public school. In 1950 School District No. 29 was merged, along with other districts, into Consolidated School District No. 102, the plaintiff in this action. Defendants claim that in 1951 the building ceased to be used as a public school and consequently in the fall of 1952 they took possession by storing grain in it. Plaintiff then brought this action to determine ownership of the tract of land in question.

■ The plaintiff first contends that the school building never ceased to be used as a public school and consequently this provision of the Ayres deed has not yet become operative. Secondly, it is argued that the interest which was retained by Ayres was inalien-

able and the defendant, therefore, has no right to possession of the school site in any case.

We choose to determine first what interests passed under the Ayres deed made in 1863. Clearly the intent was to create a charitable trust—the Ayres being the settlors; the school district, the trustee; and the inhabitants of the district, the beneficiaries. Prior to 1927[2] charitable trusts were not permitted in this state, and as a trust the conveyance was ineffective.[3] However, this court repeatedly avoided this undesirable result by construing what were obviously charitable gifts in trust as absolute gifts of the same quality and duration as the attempted trust.[4]

Construing the conveyance as an absolute gift in accordance with this well-established practice, we must then determine what interests passed under the deed. Defendants contend that Ayres retained a "reversion" and in effect only an easement was conveyed to the school district. It is only when an estate less than a fee is conveyed that the grantor has a reversion.[5] If an easement is given then no estate at all passes but only a right of user.[6] In any event we fail to see how it would be possible to construe the deed in question as conveying less than a fee. Defendants rely upon two Minnesota cases in which the conveyance, although in the form of a deed con-

[2]L. 1927, c. 180, now M. S. A. 501.12. The effect of the statute is treated in Dwan, *Minnesota's Statute of Charitable Trusts*, 14 Minn. L. Rev. 587.

[3]Schaeffer v. Newberry, 227 Minn. 259, 35 N. W. (2d) 287; Little v. Willford, 31 Minn. 173, 17 N. W. 282. See, Thurston, *Charitable Gifts and the Minnesota Statute of Uses and Trusts*, 1 Minn. L. Rev. 201, 218 to 223.

[4]*E.g.*, Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104; Lane v. Eaton, 69 Minn. 141, 71 N. W. 1031, 38 L. R. A. 669; Atwater v. Russell, 49 Minn. 57, 51 N. W. 629, 52 N. W. 26. See, Schaeffer v. Newberry, 227 Minn. 259, 261, 35 N. W. (2d) 287, 288; In re Estate of Lundquist, 193 Minn. 474, 478, 259 N. W. 9, 11.

[5]M. S. A. 500.09 adopting the common-law definition provides: "A reversion is the residue of an estate left in the grantor, or his heirs, or in the heirs of a testator, commencing in possession on the determination of a particular estate granted or devised."

[6]See, Restatement, Property, § 471, *comment b.*

veying a fee, was held to grant merely an easement in the property.[7] In both cases a railroad right of way was involved and the court properly gave effect to the unmistakable intent of the parties. Because of the particular factual situations in those cases, we do not feel they have application here.

It appears to us that the intent of the grantor, as expressed in the deed and in light of the surrounding circumstances, was to convey the land to the school district in fee for so long as it was needed for the purpose given. It does not appear tenable to us that he merely intended to give the school district a right of user in the land, retaining ownership in himself. The vast majority of cases involving similar grants of land to school districts have reached the same conclusion.[8]

Whether the qualified fee involved here is a fee determinable by a special limitation, or a fee subject to a condition subsequent,[9] does not materially affect the result in this case. However, the failure to properly distinguish these two types of qualified fees has caused unnecessary confusion and is worthy of brief comment. Theoretically, if the grantor intends to insure compliance with a condition by providing for forfeiture upon breach, a fee upon condition subsequent arises; but if the intent is to give the property as long as it is needed for a specified use and no longer, then a determinable fee is created. The practical distinction between the two rests largely in their manner of termination. Under a condition subsequent, the grantor or his heirs must exercise his right of re-entry upon breach of the condition or the estate continues in the

[7]Chicago G. W. R. Co. v. Zahner, 145 Minn. 312, 177 N. W. 350; Norton v. Duluth Transfer Ry. Co. 129 Minn. 126, 151 N. W. 907 (criticized in Restatement, Property, Minn. Ann. pp. 26 to 27).

[8]E.g., Miller v. Common School Dist. No. 99, 231 Minn. 248, 43 N. W. (2d) 102; Battistone v. Banulski, 110 Conn. 267, 147 A. 820; Williams v. McKenzie, 203 Ky. 376, 262 S. W. 598; North Hampton School Dist. v. Society, 97 N. H. 219, 84 A. (2d) 833; James v. Dalhart Consol. Ind. School Dist. (Tex. Civ. App.) 254 S. W. (2d) 826.

[9]For an excellent commentary on these interests, see Fraser, *Future Interests, Uses and Trusts in Minnesota*, 28 M. S. A. pp. 53, 55 to 60.

grantee.[10] There is no such election by the grantor in a determinable fee. In the latter case, the property reverts back to the grantor or his heirs automatically without any action on his part upon the happening of the special limitation.[11] It is often difficult to ascertain the intent of the grantor, and exhaustive study could, no doubt, uncover factually identical cases with opposite results. The deed in this case does not contain the common indicia for creating a fee subject to a condition subsequent[12] nor does it provide for the right of reentry, although this provision has been held not to be essential.[13] On the other hand the deed does provide that "whenever said School House ceases to be used * * *" the estate will "determine" and "revert." This language, although not technically precise,[14] more closely resembles that used in a conveyance of a determinable fee. Cases with similar facts support this construction.[15] We conclude, therefore, that the Ayres deed conveyed a fee simple determinable with the grantors retaining a possibility of reverter.

■ The next question presented is whether possibilities of reverter were alienable prior to 1937, at which time they were

[10]Little Falls Water-Power Co. v. Mahan, 69 Minn. 253, 72 N. W. 69.

[11]See, 2 Powell, Real Property, §§ 187, 188.

[12]The usual operative words are "provided that" or "upon condition that" and upon breach of the condition the grantor "may enter and terminate the estate." Restatement, Property, § 45, *comment j*.

[13]Whitmore v. Church of the Holy Cross, 121 Me. 391, 117 A. 469.

[14]The technical words are "until," "so long as," or "during." Chouteau v. City of St. Louis, 331 Mo. 781, 790, 55 S. W. (2d) 299, 301.

[15]Battistone v. Banulski, 110 Conn. 267, 147 A. 820; Williams v. McKenzie, 203 Ky. 376, 262 S. W. 598; Regular Predestinarian Baptist Church v. Parker, 373 Ill. 607, 27 N. E. (2d) 522, 137 A. L. R. 635; North v. Graham, 235 Ill. 178, 85 N. E. 267, 18 L.R.A.(N.S.) 624; James v. Dalhart Consol. Ind. School Dist. (Tex. Civ. App.) 254 S. W. (2d) 826. See, Restatement, Property, § 44, *illustration* 17V. But see, Halpin v. School District, 224 Mich. 308, 194 N. W. 1005, where the court, although misusing terms, appears to construe a similar deed as a fee upon condition subsequent. Similarly what clearly appears to be a determinable fee in Miller v. Common School Dist. No. 99, 231 Minn. 248, 43 N. W. (2d) 102, is referred to as a "condition subsequent."

expressly made alienable by amendment of M. S. A. 500.16.[16] If not, then the several conveyances from Ayres's executors down to the defendants passed no interest in the school site. The problem appears to be one of first impression in this state[17] since the defendants claim to have derived title by purchase rather than by inheritance.[18]

Despite vigorous criticism of the rule, the authorities generally concede that possibilities of reverter were not alienable at common law,[19] and this was apparently assumed to be the law in Minnesota prior to 1937.[20] The reason commonly given for the common-law rule was that possibilities of reverter were too nebulous to be conveyed unless coupled with a reversionary interest.[21] The same rule applied to rights of reentry for breach of condition subsequent,[22] but they were said to be destroyed by the attempted conveyance,[23] whereas possibilities of reverter were not.[24] Although a few states

[16]L. 1937, c. 487, § 2. See, 6 Dunnell, Dig. (3 ed.) § 3174b.

[17]See, Ohio Iron Co. v. Auburn Iron Co. 64 Minn. 404, 408, 67 N. W. 221, 222, where the court indicates that a right of reentry for breach of condition subsequent was not assignable.

[18]There is no question that possibilities of reverter have always been inheritable and releasable. In Miller v. Common School Dist. No. 99, 231 Minn. 248, 43 N. W. (2d) 102, concerning ownership of a school building, it was conceded that the fee had "reverted" to the plaintiff who derived his interest by inheritance from the grantor. See, Fraser, *Future Interests, Uses and Trusts in Minnesota*, 28 M. S. A. pp. 53, 56.

[19]1 American Law of Property, § 4.65; Gray, The Rule Against Perpetuities (4 ed.) § 13, note 3; 4 Thompson, Real Property (Perm. ed.) § 2187; Roberts, *Assignability of Possibilities of Reverter and Rights of Re-entry*, 22 Boston U. L. Rev. 43, 44 to 48; contrary, Restatement, Property, § 159.

[20]Fraser, *Future Interests, Uses and Trusts in Minnesota*, 28 M. S. A. pp. 53, 56, note 10; 22 Minn. L. Rev. 243.

[21]See, Ricks v. Merchants Nat. Bank & Trust Co. 191 Miss. 323, 327 to 328, 2 So. (2d) 344, 345.

[22]Cases collected in 3 Simes, Law of Future Interests, § 716, note 67.

[23]Rice v. Boston & Worcester R. Corp. 94 Mass. (12 Allen) 141; 13 Minn. L. Rev. 271. The forfeiture rule is criticized in 1 American Law of Property, § 4.69.

[24]See, Annotation, 135 A. L. R. 576, 580.

have, by judicial decision, reached a contrary result concerning alienability,[25] this has been more frequently accomplished by statute[26] as in Minnesota, and probably in most jurisdictions today possibilities of reverter are alienable.[27]

Defendants contend that, because the rule against alienability is a bad one, we should not now adopt it, particularly in view of the provisions of § 500.16 to the contrary. Our function is to ascertain and apply the law as it exists, however undesirable it may sometimes appear to be. It is for the legislature and not for us to modify the common-law rules.[28] We must conclude that prior to the amendment of § 500.16 the common-law rule that possibilities of reverter were inalienable was the law in this state. Consequently, the conveyances from the executors of Ayres's estate to the defendants passed no interest in the school site.

Since the heirs of the original grantor are not parties to this action, it is unnecessary for us to consider the appellant's contention that the court erred in finding that the schoolhouse ceased to be used as a public school.

Reversed.

[25]*E.g.*, Irby v. Smith, 147 Ga. 329, 93 S. E. 877 (syllabus opinion); Slegel v. Lauer, 148 Pa. 236, 23 A. 996, 15 L. R. A. 547; Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779, 782 (relying on the "more liberal tendency of the courts in matters of alienation").

[26]See, Roberts, *Assignability of Possibilities of Reverter and Rights of Re-entry*, 22 Boston U. L. Rev. 43, 50, note 42; Restatement, Property, 1948 Supp. p. 417. While these statutes frequently appear to apply only to rights of reentry, *e.g.*, Civil Code of Calif. 1949, § 1046, they have been held to include possibilities of reverter. Battistone v. Banulski, 110 Conn. 267, 147 A. 820, commented on in 39 Yale L. J. 910. Likewise the more broad statutes making any interest in real estate transferable have been held to include both possibilities of reverter and rights of reentry. Ricks v. Merchants Nat. Bank & Trust Co. 191 Miss. 323, 2 So. (2d) 344.

[27]1 American Law of Property, § 4.70.

[28]3 Dunnell, Dig. (3 ed.) § 1503.