DOLESE *v.* BELLOWS-CLAUDE NEON CO.

1. Landlord and Tenant—When·Lease Terminated by Foreclo-
     sure.

    Where mortgage antedated lease, foreclosure and purchase by
    mortgagee, from which there was no redemption, terminated
    lease on expiration of redemption period.

2. Mortgages—Foreclosure—Merger of Title—Intent.

    Where holder of real estate mortgage becomes owner of fee,
    former estate is merged in latter unless it is to interest of
    mortgagee, and it is his intention, to keep mortgage alive,
    in which case there is no merger unless rights of mortgagor or
    third persons are affected thereby.

3. Landlord and Tenant—Lease Terminated by Foreclosure—
     Intent—Merger of Title.

    Where it was to interest of mortgagee to bar rights of third
    persons by mortgage foreclosure, law will not imply intent
    to merge title by mortgagee's accepting quitclaim deed from
    mortgagors before expiration of redemption period, and there-
    fore lease executed subsequent to mortgage terminated on
    expiration of redemption period.

4. Same—Lease Terminated by Foreclosure Although Lessees
     Not Parties.

    Lease executed subsequent to mortgage terminated on expiration
    of redemption period, where there was no redemption, although
    lessees were not made parties to foreclosure proceedings.

Appeal from Wayne; Campbell (Allan), J.   Sub-
mitted November 1, 1932.   (Docket No. 219, Cal-
endar No. 36,669.)   Decided December 6, 1932.

Assumpsit by Jane T. Dolese against Bellows-
Claude Neon Company, a Michigan corporation,
and another for rent of real estate alleged to be

On effect of foreclosure of mortgage as terminating lease, see
annotation in L. R. A. 1915C, 204; 14 A. L. R. 664.

due under lease. Judgment for defendants. Plaintiff appeals. Affirmed.

*Chester J. Morse,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendants.

McDonald, J. This is a suit to recover for rent claimed to be due under a lease of premises located on Fort street in the city of Detroit. The term of the lease was five years. The rent was $1,200 a year payable $100 on the first of each month. The lessors were Isaac August and wife whose interests were as vendees in a land contract with Jacob Shevitz and wife, owners and vendors. Prior to the lease, Shevitz and wife had mortgaged the premises to Joseph Webber, who assigned the mortgage to his daughter, the plaintiff, Jane T. Dolese. She foreclosed in chancery, and purchased the property at the sale. The decree provided for the payment of deficiency by Shevitz and August. On the date of sale the circuit court commissioner executed his deed to the plaintiff to become operative on the 15th of March, 1931, which was the time the equity of redemption would expire. Subsequently, and before the period for redemption had expired, the plaintiff entered into an agreement with Shevitz and wife and August and wife by which the latter were released from the payment of the deficiency on surrendering possession and executing a quitclaim deed to the plaintiff of their interests, including the lease in question. Thereafter claiming that she had obtained the lessor's interest by the quitclaim deed, the plaintiff demanded rent from the defendants. They refused to pay, and she brought this suit.

On the trial, the court held that by the quitclaim deed the plaintiff had acquired the interest of the lessors, but that the lease was extinguished by the foreclosure and the expiration of the equity of redemption, and that, therefore, she could not recover the rent.

It was conceded that there was $300 due for rent prior to the expiration of the equity of redemption, and judgment was entered in favor of the plaintiff for that amount.

The question is whether the plaintiff's rights in the lease which she obtained by the quitclaim deed were cut off by the foreclosure and expiration of the period of redemption; and the answer depends on whether there was a merger of those rights with her interests acquired by the commissioner's deed. If there was no merger, the lease was extinguished when the period of redemption expired. If there was a merger, the lease was not affected, and the plaintiff would be entitled to the rents involved in this suit.

The plaintiff was mortgagee and purchaser at the foreclosure sale. Her mortgage antedated the lease. No redemption was made by the mortgagor. The lease terminated when the period for redemption expired. L. R. A. 1915 C, 204; 35 C. J. p. 965.

So if the plaintiff's rights be considered merely as purchaser at the mortgage sale, there is no doubt that she did not obtain any interest in the lease. But it is her contention that the mortgage foreclosure was not kept alive; that her interest as purchaser at the mortgage sale became merged with the title obtained by the quitclaim deed; and that her rights in the lease are by virtue of that deed.

"There is no doubt about the general rule that when the holder of a real estate mortgage becomes

the owner of the fee, the former estate is merged in the latter. This rule is, however, subject to the exception that when it is to the interest of the mortgagee and is his intention to keep the mortgage alive, there is no merger, unless the rights of the mortgagor or third persons are affected thereby." *Anderson* v. *Thompson,* 225 Mich. 155.

"It is the well-established rule, in determining the question of merger, that the intent is the controlling consideration. If it be for the interest of him in whom the estates are united to keep the mortgage alive, the law will not imply an intent to merge." *Cook* v. *Foster,* 96 Mich. 610.

In the instant case there were intervening rights of third persons which it was necessary for the plaintiff to cut off by the foreclosure. In his findings the trial court said:

"Had she relied solely upon her quitclaim [deed] she would still have been confronted with mechanics' liens, claimed by the parties who were made defendants in the foreclosure suit."

In her brief the plaintiff says there is no evidence to support this statement of the trial court; but it is alleged in her bill for foreclosure that she had caused an examination to be made of the records in the register of deeds' office which disclosed that the various parties whom she named defendants had or claimed to have rights in the mortgaged premises as "subsequent purchasers or incumbrancers or otherwise."

It was very much to the plaintiff's advantage to have the interests of these third parties barred by the decree. This she could not accomplish if she abandoned her mortgage and relied only on the title acquired by the quitclaim deed. In view of these

facts, the law will not imply an intent to merge. The foreclosure put an end to the lease, and plaintiff cannot recover the rents after the period of redemption expired.

But the plaintiff contends that a different rule is applicable where the lessee is not made a party to the foreclosure proceedings.

We cannot agree with this contention. While there is some authority for it, the best-reasoned cases are all to the contrary.

In *Western Union Telegraph Co.* v. *Railroad Co.,* 33 C. C. A. 113 (90 Fed. 379), the plaintiff had a 25-year lease or easement to maintain and operate a telegraph system on certain mortgaged railroad property. The mortgage had been foreclosed, but the plaintiff had not been made a party to the foreclosure proceedings. It claimed its easement had not been terminated. It was held that the foreclosure avoided plaintiff's rights under its contract of lease or easement, and its attempt to continue the enjoyment thereafter was nothing but a trespass.

Judge Taft, who wrote the opinion, said:

"When the mortgagee acquires possession of the mortgaged land by foreclosure sale, the effect of his possession upon those claiming under the mortgagor is just as complete to avoid their rights and interest as was entry or ejectment at common law. Nor does it prevent this result that the holder of the easement may not have been made a party to the foreclosure suit. The easement was granted subject to being devested by the mortgagee's acquiring possession of the mortgaged premises. That event has happened, and the devesting follows. Of course, if the telegraph company had been made a party to the foreclosure, the decree would have settled the rights of the purchaser as against the telegraph

company as *res judicata,* and would have conclusively established that the company had no interest in the land after sale. As the company was not a party to the decree, however, the divestiture of its rights must be shown by proof of the execution of the mortgage prior to the contract for the easement, and the entry into possession by the mortgagee or his assignee under foreclosure and sale. We have found no Michigan authority in point upon this question, but, in other States having statutes like the one from Michigan above quoted, the conclusion we have reached is well sustained by adjudicated cases.''

From this and other applicable cases which we need not discuss, it appears that the only effect of the failure to make a lessee a party to the foreclosure suit is in the remedy the mortgage purchaser must pursue against a lessee to recover possession.

It is not necessary to cite other cases. The rule applied by the trial court to the facts in this case is well supported by the best authority.

The judgment is affirmed, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.