### TILCHIN *v.* BOUCHER.

1. VENDOR AND PURCHASER—SUMMARY PROCEEDINGS—LEASES—PARTIES.

   The interest of a lessee under unrecorded lease from the purchaser under a land contract was terminated by judgment for the vendor in summary proceedings although the lessee was not made a party to the proceedings.

2. SAME—TERMINATION OF LAND CONTRACT—REMOVAL OF CABINS.

   Cabins which were erected on northern resort property by lessee of the land-contract vendee under a lease permitting re-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur, Records and Recording Laws, §§ 45, 156; 55 Am
    Jur, Vendor and Purchaser, § 663.
[2, 3] 22 Am Jur, Fixtures, §§ 36, 40–44, 65–67.
[2, 3] Eviction before expiration of term as affecting right to remove trade fixtures. 39 ALR 1099.
[2, 3] What are within contemplation of provisions of lease permitting removal of articles by tenant. 91 ALR 539.
[2, 3] Buildings erected by a tenant as "trade fixtures." 107 ALR
    1153.
[4] 55 Am Jur, Vendor and Purchaser, § 673.
[5] 3 Am Jur, Appeal and Error, §§ 1215, 1227.

moval upon its termination, which lease was executed subsequent to the land contract, were not a part of the security interest of the vendors, hence, by virtue of the agreement and as trade fixtures, the lessee had a right to remove the cabins within a reasonable time after the expiration of the lease by vendor's summary proceedings, if accomplished without injury to the freehold.

3. Trover and Conversion—Timely Demand.

Demand for removal of 3 cabins plaintiff had erected on northern resort property he had leased from purchasers of defendant vendors under land contract was timely made where vendors had obtained a writ of restitution September 28, 1943, and plaintiff demanded right to remove them August 2, 1944.

4. Same—Cabins—Bona Fide Purchasers.

No recovery for conversion of 3 cabins which plaintiff had erected on northern resort property, as lessee of purchasers under a land contract, may be had against defendants who were bona fide purchasers from vendors after latter had forfeited unrecorded land contract and been placed in possession.

5. Appeal and Error—Remand—Damages.

Cause is remanded for ascertainment of plaintiff's damages for conversion of his cabins by defendants as to whom judgment is reversed and judgment entered for plaintiff.

Appeal from Charlevoix; Waller (Ward I.), J., presiding. Submitted June 6, 1950. (Docket No. 1, Calendar No. 44,548.) Decided September 11, 1950. Rehearing denied December 5, 1950.

Case by Seymour Tilchin against Ida D'Ooge Boucher and others for conversion. Judgment for defendants. Plaintiff appeals. Affirmed as to defendants Cugell and Philipp, reversed as to defendants Boucher and D'Ooge.

*Seymour Tilchin*, in pro. per.

*Guy C. Conkle, Jr.*, for defendants Boucher and D'Ooge.

*Simeon Cugell*, for defendants Cugell and Philipp.

BUSHNELL, J.    Benjamin L. D'Ooge and Jane P. D'Ooge, his wife, sold to George R. Swain and Louise Swain, his wife, by land contract of March 2, 1926, certain lake-shore frontage in section 3, township 33 north, range 7 west, Charlevoix county, Michigan. The contract contained a forfeiture clause which provided for the retention by the vendors of any amounts paid and the buildings erected thereon if the vendees defaulted.    This contract was not recorded.

On the death of the vendors, their interest in the premises passed to their children, defendants Ida D'Ooge Boucher and Leonard D'Ooge.

Plaintiff Seymour Tilchin, a Detroit attorney, leased a part of the premises from the Swains on April 26, 1940.    Tilchin acted as agent for Kamp Kairphree, Inc.    The lease was for 5 years and 5 months and contained an option for the purchase of Swain's interest in the land contract.    Swain also agreed in the lease to assign his interest in the land contract to the corporation if he defaulted in his contract payments.    The lease further provided that any buildings erected by the corporation should be its property and removable at the expiration of the lease.    Plaintiff had notice of the terms of Swain's land contract and ascertained that he was not then in default.    This lease was not recorded.

The corporation operated a summer camp on the property during 1940, but then dissolved and assigned all its interest to plaintiff Tilchin on December 26, 1940.

In the spring of 1941, Tilchin built 3 cabins on the property.    He operated the camp only during the summer season of 1941 for a period of 8 weeks and not thereafter.

Swain defaulted in his land contract payments and summary proceedings were had before a circuit court commissioner.    Tilchin was not made a party

to these proceedings, from which no appeal was taken. A writ of restitution was issued on September 28, 1943, and defendants Ida D'Ooge Boucher and Leonard D'Ooge were placed in peaceful possession. Thereafter in the fall of 1943, plaintiff visited the property and found the gates padlocked with other locks than his. He admitted hearing about the forfeiture by the end of 1943 or the early part of 1944. During the spring of 1944, he made inquiries about the foreclosure. On July 31, 1944, he wrote asking an attorney at Charlevoix to investigate the matter. He also testified that on August 2, 1944, he wrote to defendant Ida D'Ooge Boucher demanding the cabins, but that she replied denying his right to remove them.

Defendants Ida D'Ooge Boucher and Leonard D'Ooge conveyed the property that included the 3 Tilchin cabins to defendants Edythe Cugell and Frances Philipp on August 24, 1945. This deed was recorded.

Plaintiff commenced an action at law on July 29, 1946, claiming a conversion of the 3 cabins by defendants from and after August 2, 1944.

The trial judge held that there had been no conversion and that defendants Edythe Cugell and Frances Philipp were bona fide purchasers for value.

Vendee Swain's land contract interest was terminated by the judgment in the summary proceedings. *Rosenthal* v. *American Construction & Realty Co.*, 262 Mich 91. Plaintiff was not a necessary party, and his lease interest was also terminated by the summary proceedings. *Dolese* v. *Bellows-Claude Neon Co.*, 261 Mich 57.

The cabins, both by agreement and as trade fixtures, were removable by plaintiff-lessee as against the vendee-lessor Swain. *Hayward* v. *School District No. 9 of Hope Township*, 139 Mich 539, 542. The prior security interest of the vendor defendants

was not acquired in reliance on the Tilchin cabins. As against these defendants, therefore, plaintiff also had a right to remove his cabins within a reasonable time after the expiration of the lease if accomplished without injury to the freehold. See *Robertson* v. *Corsett*, 39 Mich 777; *Harris* v. *Hackley*, 127 Mich 46, 50; *First Commercial & Savings Bank of Wyandotte* v. *Trenton Milling Co.*, 144 Mich 188; and *Woodliff* v. *Citizens Building & Realty Co.*, 240 Mich 413.

Plaintiff had some knowledge of the land contract forfeiture by early 1944, and investigated at the property in the spring of that year. However, in such a northern locality as this, the summer season is the most feasible time to act—and this, plaintiff attempted. Defendants knew the purpose of the erection of the cabins and were not prejudiced by their remaining on the property during that time. When these defendant owners sold the property to defendants Edythe Cugell and Frances Philipp, the price included payment for the cabins. Considering the nature of the lease termination, the seasonal problem, and the distance from plaintiff's home in Detroit, he acted within a reasonable time by making demand for removal on August 2, 1944.

Defendant Edythe Cugell and Frances Philipp took as bona fide purchasers, and plaintiff cannot recover against them.

The judgment entered in favor of defendants Ida D'Ooge Boucher and Leonard D'Ooge is vacated. The cause is remanded to ascertain the amount of plaintiff's damages and for the entry of a judgment therefor. Costs to appellant.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.